Western and Atlantic Railroad Company *vs.* Adams.

---

| 55 | 279 |
| 85 | 200 |

WESTERN AND ATLANTIC RAILROAD COMPANY, plaintiff in error, *vs.* J. N. ADAMS, defendant in error.

1. An employee cannot recover damages from a railroad company for injuries sustained by him on account of the negligence of a co-employee, unless without fault himself, even though in performing the act which resulted in the injury he was acting under the orders of a superior.

2. The charge, being without evidence to support it, was error.

Railroads. *Torts.* Negligence. Before Judge McCUTCHEN. Whitfield Superior Court. April Term, 1875.

Reported in the decision.

JOHNSON & McCAMY; JULIUS L. BROWN, for plaintiff in error.

SHUMATE & WILLIAMSON, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages for injuries alleged to have been sustained by him through the carelessness and negligence of the defendant's employees, servants and agents, (the plaintiff being also

Western and Atlantic Railroad Company *vs.* Adams.

an employee of defendant,) in the running of a dirt or gravel hand-car over and against his body, thereby mashing and bruising his person, to his damage $5,000 00. The plaintiff, in his amended declaration, alleges that he was damaged $5,000 00 by having been thrown from said hand-car by the carelessness and negligence of the defendant's employees, and his body run over and crushed and otherwise injured. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for $1,000 00. The defendant made a motion for a new trial on the ground that the verdict was contrary to law, contrary to the evidence, and without evidence to support it, and for alleged error in the charge of the court, which motion was overruled, and the defendant excepted.

1. It appears from the evidence in the record that the plaintiff was in the employment of the defendant as a track-hand, working on its road; that he was working under Bennett, who was the boss of that section of the road; that Bennett had the authority to employ and discharge the hands who worked under him, and they were subject to his orders and directions when engaged in the performance of their work on the defendant's road; at the time the alleged injury occurred, the plaintiff and the other hands, six in number, including Bennett, got on a dump-car, with their tools, to return to the shanties where they staid at night; the plaintiff lived in a house about five hundred yards from the shanties; when they were within about two hundred yards of plaintiff's house, boss Bennett asked the plaintiff whether he would get off at or opposite his house; plaintiff replied, "I reckon so;" Bennett then said, "I will take your place and help kick the dump up to the shanties;" Bennett then got down on the plank upon which plaintiff was sitting, and close up to him, behind him, and told plaintiff to get back and get his coat and bucket and be ready to get off. Plaintiff got up and stepped around Bennett, and in doing so, he lost his balance, and in attempting to step on the dump, his foot either missed or slipped off, and he fell in front of the car which ran upon him, running

up his leg and thence on his body up to his chest, and was seriously hurt. Plaintiff stated on his cross-examination that "Bennett did not order me to get off, but said I could get off if I desired to do so, and if I wanted to get off, to get back and get my coat and bucket. The car was going four or five miles an hour. What Bennett did was done as a favor to me, I suppose, that I might get off without going up to the shanties and have to walk back." Bennett had entire control of the car; controlled its movements; he required all the hands to obey his orders, who all lived at the shanties except the plaintiff. It appears from the evidence, that all the hands were careful, prudent men. Three witnesses testified that on the night of the day plaintiff was hurt, that they called to see him, when one of them remarked, this is a bad affair; plaintiff replied, yes; and that it would not have occurred, but for his own fault, or as one of the witnesses states, he said it might not have occurred but for his own carelessness. The court charged the jury, amongst other things, "If you find that Bennett, from the evidence, had authority to employ and discharge the hands under him, and had authority over plaintiff with power to discharge him for disobedience of orders, and you further find from the evidence, that the injury was caused by the order or direction of Bennett, then plaintiff is not precluded from recovering, even though he was guilty of some wrong or fault himself, which contributed to the injury." This charge of the court was error. Whilst the statute authorizes an employee of a railroad company to sue it to recover damage for an injury caused by the negligence of another employee of the company, still, to entitle the plaintiff as such employee to recover at all against the company, he must be *without fault or negligence on his part:* Code, section 3036 ; *Rowland vs. Cannon,* 35 *Georgia Reports,* 105 ; *Sears vs. The Central Railroad and Banking Company,* 53 *Ibid.,* 630. The statute makes no distinction between the grades or classes of employees of a railroad company, and therefore the courts are not authorized to recognize any such distinction so as to enable the plaintiff to recover on

the principle of contributory negligence, as assumed in the charge of the court in this case.

2. Besides, the evidence in the record does not show that Bennett *ordered* the plaintiff to get off of the car, and the charge of the court was error for that reason. In view of the rulings of the court, and the evidence, as contained in the record, the court erred in overruling the defendant's motion for a new trial.

Let the judgment of the court below be reversed.