BAKER *vs.* THE WESTERN AND ATLANTIC RAILROAD COMPANY.

1. If an employé of a railroad company be injured without fault or negligence on his part through the negligence of another employé, he may recover.

2. It is the duty of a railroad company to furnish its employés reasonably safe tools and materials for their use in its service, but an employé who is aware of the dangerous condition of any particular tool or instrument, and nevertheless uses it, cannot have redress for an injury resulting therefrom.

3. Nor will the fact that the employé knowingly undertook to use a dangerously defective tool under the immediate command of a superior employé, give him a right to recover.

4. A question not made in the court below will not be considered here.

Railroads. Damages. Negligence. Master and Ser-
v 68—46

vant. Before Judge FAIN. Catoosa Superior Court. August Term, 1881.

Reported in the decision.

W. K. MOORE; JAS. HUNT, for plaintiff in error.

W. H. PAYNE; R. J. McCAMY, for defendant.

SPEER, Justice.

This was an action brought by plaintiff in error as an employé against the defendant to recover damages resulting to the plaintiff by reason "of injuries he sustained in an injury to his eye caused by a small piece of iron or steel flying off from the stroke of a heavy hammer upon a cleaver, striking him in his eye and becoming imbedded in the pupil or ball of his eye. He alleges that he was, at the time of the injury, holding the cleaver, and they were cutting a bar to fit on the track, and the hammer and cleaver used on this occasion were both unfit instruments to be used for said purpose of cutting bars—both being worn and part of the face of the hammer, more particularly the front part, being broken and worn off so as to cause the hammer to bounce and slip and knock or throw off other parts of the face thereof, and the cleaver being much battered and worn; and the injury aforesaid was occasioned by the use of said improper and unfit tools. That the defendant knew, and the proper officers knew, that the tools were unsafe and worn as aforesaid, and had been notified of their condition by plaintiff and others, but had failed to repair them." He further avers that the defendant and its officers and employés, including the track boss, were guilty of negligence in failing to keep their tools in proper repair and fit for use, and in failing to order their work carried on in such a way as not to hurry the hands while using defective tools, and that the failure and omission of duty as afore-

said of defendant's employés while carrying on the work as aforesaid, caused the serious injury to be inflicted upon plaintiff as complained of, and that plaintiff was without fault in the premises, etc.

Baker, the plaintiff, testified "that he was injured about the time alleged; had been in defendant's employment about six months at that time. That on the day of the injury the hands were returning, on account of rain, to their shanties. That Mitchell, the boss of the hands, discovered one of the iron rails of the track was broken about a foot from the end. The boss told witness to get a cleaver off the dump car, and told another hand to take the sledge and cut a bar of iron lying near the broken rail so as to fit it in place of the broken rail. Told the striker to give it h—l, as the passenger train would be due in fifteen minutes; went to dump car and got hold of the only cleaver he could find sharp enough to cut the bar; there were others there, but they were too dull; the one he took was battered almost down to the eye but had been recently ground. The usual hammer used in cutting bars was the striking hammer; the sledge then used was a good deal heavier and was used generally in breaking off the bar after it was cut. The edges of the hammer were broken and its surface uneven; it was used in striking the cleaver when they were in a hurry—sometimes to strike the cleaver in cutting bars of iron, and there was more danger in using it with its uneven face than if it had been smooth and even, and he knew this at the time. He had complained to the boss some time before this more than once that the tools were not in good order, and the boss had told him he would have them all sent to the shop and repaired at the end of the quarter. That the road had offered a premium to the track boss who would keep up the best track at the least expense to the company, and he was trying to get it. Witness knew the condition of these tools, and knew they were more unsafe than they would be if kept in good order. The

sledge had been in use about four months, and only used for cutting iron with when in a hurry. The striker was the strongest and quickest they had. Witness objected to the striking being done with the sledge at the time, just before he was hurt; but was uneasy about the train being wrecked and somebody hurt. He had worked on the road seven years in all. They were working in a hurry to get the bar on before the train came, and succeeded a minute or two before it came." Witness then described the extent of injury, pain, etc., and the cause of the injury as alleged in his writ.

Dr. Kirkpatrick, a physician, testified as to the injury and its extent and probable consequences to plaintiff.

Plaintiff having closed the court charged the jury:

(1.) That the Code provides that employés of railroads can sue for damages when there is no negligence on their part, but the injury occurs on account of some act of a co-employé. If the person suing is himself an employé of the company, and the damage was caused by another employé, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to a recovery. Prior to 1856 there was no right of action by an employé whatever when the injury was caused by the negligence of a co-employé; but the statute and its construction by the supreme court now govern. There is but one ground upon which an employé can recover, and that is when there is no fault on his part—when he is entirely faultless. Therefore, the employé must exercise ordinary care and diligence to prevent an injury to his person—he must be wholly without fault. If both are at fault—if he contributes anything in the way of negligence and the co-employé is also at fault, then he could not recover. If neither are at fault, and the company show they have exercised reasonable care and diligence, then he could not recover, because it would be an accident. He must show he is without fault, and the burthen is upon him; but he can recover if

no fault is shown on his part whatever and there was fault on the part of the railroad company.

(2.) An employé under the law is presumed to be negligent if he works with tools he knows to be defective, and knows them to be dangerous. If the plaintiff, being a free man and having the right to manage his own conduct and person, continues to use tools or machinery that are defective and dangerous, then he could not recover. If he knew of the danger of working with them, he could not recover at all, whatever the injury might be. The law, however, does provide the company shall keep tools in reasonably good repair for the business to be transacted with them. That burthen is on the company. Still, if it fails to do it, and it is known to the employé, then in using such tools he is not free from negligence. He is bound to exercise ordinary and reasonable care. Ordinary care is that care which every prudent man takes of his own property, or for the protection of his own person. That he is bound to exercise. If the employé did not know of the defects of this hammer, and it was such as ought not to be used, or if he did not reasonably know of these defects, and could not by the exercise of ordinary care and diligence know of them, if they existed, then he would be entitled to recover, unless the railroad company shows that the co-employé has exercised all reasonable care and diligence. No man can recover on account of his own negligence, and this you must determine from the testimony. If plaintiff was injured on account of the defective nature of the tools used by himself and other employés engaged with him, and he knew of the defective nature of the tools at the time he used them, then this was fault on his part which would prevent a recovery if the defective tools were the cause of the injury. While it is negligence on the part of the company to fail to furnish suitable tools, and it would be liable for the failure if the employé did not know their defective character, yet if

he did know of the defect, and the injury resulted from this cause, he cannot recover.

(3.) Neither does it change the case if the section boss directed the use of the defective tools, it still is negligence for the employé to use the dangerous tools, which will prevent recovery on his part. Neither would notice by plaintiff to his boss that the tools were defective and needed repairs relieve the plaintiff from blame in using them afterwards. He had the right to quit work or take the risk; and if he was hurt, he must take the consequences. If the tools, by reason of being out of repair, were more dangerous than being kept in repair, still if a person of ordinary prudence would, under the circumstances, have continued to use them, then the plaintiff would not lose the right to recover for an injury arising from the use of such defective tools.

(The balance of charge is as to the rule of ascertaining damages, of which there is no complaint.)

The main and only ground of error insisted upon here by counsel for plaintiff, is as to the charge of the court, above given in substance.

The charge embraces, when analyzed, three propositions of law:

First: The right of action given to an employé to recover against the common master, in this case the railroad, for the fault or negligence of a co-employé.

Second: The right of an employé in such a case to recover where he works with defective and unsuitable tools, which are the cause of the injury, if he knows at or before the time of the injury that they are defective and unsuitable.

Third: The right of the employé to recover who may be injured by unsuitable tools, whose unfitness he has knowledge of, if he does such work by the direct command or order of his superior employé.

We have given a brief and yet sufficient synopsis of the testimony on the trial to show that the evidence in

the case invoked instructions on these different propositions of law that were submitted by the court to the jury.

The evidence showed a case in which the plaintiff was injured by the use of defective tools, whose defective character was at the time well known to him, and that he used them under the order and command of his superior or boss employé, and that damage resulted from the use thereof to plaintiff.

1. As to the first proposition submitted by the court as to the right of the employé to recover against a railroad company, it was given in the language of the Code, and therefore cannot be error.

Code, §3036, establishes and fixes the rights of the employé to recover, and the liability of the road for an injury resulting from the fault or negligence of a co-employé so clearly, and the construction of this section has been so often before this court, that we do not think it necessary to enlarge upon it here. "If the employé injured is without fault or negligence, and the damage was caused by another employé, then he can recover, otherwise not." This rule, we think, was given by the court substantially and clearly to the jury, and there was no error in it.

2. Was the instruction of the court correct, as set forth in the second proposition as to injury resulting from defective or unsuitable tools?

It must be remembered that the court charged the jury that it was the duty of the railroad company to furnish to its employés proper and suitable tools to perform the work assigned them, and the failure to do so was negligence on the part of the company. But notwithstanding this negligence, if the employé knew the tools were dangerous, unfit and unsuitable, if he nevertheless worked with them and was injured, then he was at fault and could not recover; but if, without this knowledge, he acted as a man of ordinary prudence and care, in working with such tools, and was injured thereby, he could recover.

We think the principle here charged was recognized by

this court in the case of the *Central Railroad vs. Kenny*, 58 *Ga.*, 490, where the suit was brought for injury to the plaintiff by reason of the use of a defective hand-car of which he was in charge ; this court said : " He cannot recover without making it appear that he did not discover the defect in time to avoid exposing himself to the danger, or that the defect was of such a nature as not to be discoverable in the reasonable and ordinary exercise of diligence in the course of his duty." So, in the case of *Johnson vs. The Western and Atlantic Railroad Company*, this court held, "Where an employé of a railroad company knowingly uses defective machinery, he cannot recover damages for injuries resulting therefrom." 55 *Ga.*, 133.

So likewise in the case of *The Western and Atlantic Railroad Company vs. Bishop*, 50 *Ga.*, 465, this court said : "It is the duty of a railroad company to furnish to its employés reasonably safe material and tools for their use in its service ; but an employé who is aware of the dangerous character of any particular tool or instrument, and uses it, cannot, if he is damaged, have redress by an action, especially if he had agreed to take upon himself the risk of his business."

The evidence in this case of the plaintiff establishes the fact that he was aware the implements he was engaged in using were unfit and unsuitable and dangerous, and with this knowledge he took the risk. Can it be said he was faultless ?

3. But did the fact that he undertook this dangerous duty by the immediate order of his superior (the boss trackman) excuse him and relieve him from the rule that he must be without fault or negligence ? This proposition was given in the case of *The Western and Atlantic Railroad Company vs. Adams*, 55 *Ga.*, 279, by the circuit judge, but he was reversed, and this court held : "An employé cannot recover damages from a railroad company for injuries sustained by him on account of the negligence of a co-employé, unless without fault himself, even though

in performing the act which resulted in the injury he was acting under the orders of a superior." 'Judge Warner in delivering the opinion said : "The statute makes no distinction between the grades or classes of employés of a railroad company, and therefore the courts are not authorized to recognize any such distinction, so as to enable the plaintiff to recover on the principle of contributory negligence, as assumed in the charge."

The point made before this court that the fault or negligence of this plaintiff was in consequence of an emergency that suddenly arose, and that made it imperative on him to use the implements so as to relieve himself from any imputed fault or negligence, does not, so far as the record shows, appear to have been made in the court below, by any request of the court to instruct the jury thereon. If such instructions had been asked and refused, or if asked and the jury had disregarded them, then it would have been our duty to consider them.

Taking the whole case together as to the law and facts within the record, we see no such error in the rulings or the verdict as authorizes us to interfere.

Judgment affirmed.