## GASSAWAY *vs.* THE GEORGIA SOUTHERN RAILROAD COMPANY.

[Owing to providential cause, JACKSON, Chief Justice, did not preside in this case.]

An employé of a railroad, suing the company for injuries sustained by him from the negligent performance of any act in which he participated, has not made a *prima facie* case for recovery without

proving either that he was free from fault himself, or that there was negligence on the part of his fellow-servants. Any presumption of negligence would apply as well to him as to others participating in the common act, and to be benefited by a presumption against them, he must rebut it as to himself.

(a.) Plaintiff, a railroad employé, sued the company for a personal injury to himself. The evidence as to the accident was as follows : He was at work on a trestle some twenty feet above the ground, lining the track, using therefor a "pinch-bar" and gauge, to make the width uniform. It was near train time, and the boss under whom plaintiff worked told him to hurry. Seeing an irregular place in the track, which it was necessary for safety to make uniform, plaintiff used the "pinch-bar" as a lever to push the track into position, resting one end of the bar upon the stringer of the bridge. Failing to move the track on the first and second efforts, plaintiff stooped and threw his weight against the short bar which he was using. The wood of the stringer on which the bar rested split off, and plaintiff fell to the ground, breaking his leg :

*Held*, that a *prima facie* case was not made out, and a non-suit was right.

November 28, 1882.

Railroads. Damages. Negligence. Master and Servant. Non-Suit. Before Judge UNDERWOOD. Floyd Superior Court. March Term, 1882.

Reported in the decision.

DABNEY & FOUCHE, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, for defendant.

SPEER, Justice.

J. M. Gassaway, an employé, brought his action for damages against the Georgia Southern Railroad Company, for injuries received while in the service of the defendant, without fault on his part, but which injuries were the result of the carelessness of defendant, and by the wrongful, improper and negligent conduct of one of the employés of said company, who had charge of the

work of said company at the time said injuries were sustained. The plaintiff having introduced his evidence and closed, counsel for defendant moved the court to nonsuit said case, on the ground that under the evidence submitted by the plaintiff he was not entitled to recover, which motion the court sustained, and the plaintiff excepted and assigned the same as error.

The evidence submitted on the part of the plaintiff showed that he was an employé of the defendant, and under said employment, was engaged, with others, in repairing a bridge on the road of the defendant, over Big Cedar Creek, by putting in some new stringers on an abutment of the bridge. There was a lot of stringers 37 feet long to put in, and 12 by 14 inches in diameter. The stringers were put in lieu of old ones. After the stringers were put in, the plaintiff proceeded to line the track ; had a pinch-bar made for the purpose to line the road ; lined the left-hand rail first, by sight ; the second rail lined by a gauge of 5 feet and 1 inch ; safety to the train required us to line to the gauge. " I was lining the track and using the bar ; was under a boss, who ordered me to be in a hurry ; it was a few minutes before train was due ; we lined the joints of the rail and went to the center, half way between the ends, lined that, and went to a central point, one-fourth from end of bar. There was a kink in the rail and the gauge lacked an inch going down. I struck my bar and pushed it ; I pushed a second time, it would not go : pushed the third time ; bar was only 30 inches long. I stooped and put my weight against it, and my hold in the stringer gave way and threw me heels over head to the ground, about twenty feet, and broke my leg ; I was guilty of no fault, but using all the caution a man could do under the circumstances."

The above is the substance of the testimony, aside from the description of the injury received, suffering and time of confinement, etc., on which it is sought to charge defendant with negligence in damaging plaintiff.

Apply these facts to the rule of law applicable to employés who are damaged, and did the court err in non-suiting plaintiff's suit on the ground stated?

We recognize the rule as to the liability of railroads to their employés for injuries sustained to be this: "An employé suing the company for injuries sustained by him from the negligent performance of any act in which he participated, has not made a *prima facie* case for recovery without proving, either that he was wholly free from fault himself, or that there was negligence on the part of his fellow-servants. If he rests on the presumption of negligence without actual proof thereof, that presumption applies to him with the same force as to others who participated in the same act of common duty; and to get the benefit of the presumption as applied to the others, he must rebut it so far as it applies to himself."

From the evidence it appears that the plaintiff was engaged at work on a trestle some twenty feet above the ground—a work of hazard—gauging the track with the use of a pinch-bar and gauge, so as to make its width uniform; that one of the rails, from some cause, was in a " kink," and he attempted to move it so as to make it conform to the gauge, before it was spiked; that to do this he used the pinch-bar as a pry, resting one end on the stringer and striving to press out the bar to the proper width of the gauge; that pressing very hard with his shoulder to the bar, the wood of the stringer (the fulcrum) on which the bar rested, split off or gave way, and he was thrown from the trestle to the ground, breaking his leg. It appears no one directed either the manner or mode of his work; there was no complaint of his tools; the timbers were new and of size sufficient, but by his own unusual effort and the posture of his body, when the bar slipped from its fulcrum he was thrown from the bridge, the victim of his own want of proper care and caution. In our opinion the evidence leaves the plaintiff's diligence and prudence

unvindicated, and fixes no negligence on others, and we see no error of the court in sustaining the motion for non-suit. 56 *Ga.*, 586; 63 *Id.*, 173; 58 *Id.*, 485; 60 *Id.*, 119.

Judgment affirmed.