BELL *vs.* WESTERN AND ATLANTIC RAILROAD.

1. Although the question may be one of negligence, yet if the plaintiff fails to make out a *prima facie* case, a nonsuit may be awarded.
2. Where a railroad employé sued the company for damages resulting from a defective hand-car, and the evidence for the plaintiff showed that he knew of the dangerous condition of the car, but nevertheless made use of it, such fact was fatal to his recovery, and a non-suit was properly awarded.
3. It does not alter the case that the employé knowingly undertook to use a dangerously defective tool under the immediate command of a superior employé.*

April 10, 1883.

Negligence. Railroads. Non-suit. Master and Servant. Before Judge FAIN. Whitfield Superior Court. October Term, 1882.

Bell brought an action for damages against the Western and Atlantic Railroad. On the trial, he testified as follows: Some time in September, 1881, while he was in the employment of defendant at Tunnel Hill, in Whitfield county, he was ordered by one Wade to help run the crank or hand-car, which had the previous evening been brought to

*Compare *Central R. R. vs. DeBray* (September Term, 1883.)

Tunnel Hill by some of the railroad hands, to some point up the road, or to Chattanooga, Tenn. This was in the morning about seven o'clock, and before taking his position in or on the hand-car, he noticed that one of the handles of the car was a handle that looked a little longer than the other one, and he called Mr. Wade's attention to the matter before starting up the road, and Mr. Wade told him that, if he would be careful, he did not think there would be any danger, and witness did not think so either; he having ordered witness to tie down the brakes, which the latter did; Mr. Wade telling witness that he would have the handle cut off as soon as they got up to the shops one and a half miles above. There was a blacksmith's shop at Tunnel Hill at which the handle could have been fixed, and after witness had gone about one mile and a half, and near the shop, he was ordered to put on the brakes, which he did, and the handle of the car being too long, and having worked out a little in going the mile and a half, in trying to stop the car the handle struck the dashboard of the car, and it caught in the clothes of witness, and threw him in front of the car and upon the track, injuring and " scaring "(?) him up badly. Witness had never had his hands upon the car before, and had not used the car in any way. Mr. Wade told him he thought there would be no danger, if he would be careful. He, witness, was hurt on the head and neck and arms, and was badly bruised up. He was not at fault and not injured through any negligence of his. If the car had been sound, he would not have been injured. The handle of the car was immediately afterward on the same day cut off, by the order of Mr. Wade. The handle by which witness was injured was a temporary one, put in there by the railroad men, and it was several inches longer than the other handle. If the handle had been of proper length, it would not have touched the dash-board.

Other evidence as to the extent of the injury was introduced, which is not material here.

On motion, the court granted a non-suit, and plaintiff excepted.

B. Z. HERNDON, by W. K. MOORE, for plaintiff in error.

R. J. McCAMY, for defendant.

JACKSON, Chief Justice.

1. The question made is, was the non-suit properly awarded? And that depends on this other question, did the plaintiff make out a *prima facie* case entitling him to recover? If he did not, a non-suit was legally awarded, although the question was one of negligence. *Gassaway vs. The Georgia Southern Railroad*, 69 *Ga.*, 347.

2. Did he make out a *prima facie* case for recovery? If in the case made by his own testimony he showed himself in fault, he did not make out a *prima facie* case. He showed himself in fault, if he knew of the dangerous character of the tool he used. *Baker vs. Western and Atlantic Railroad Company*, 68 *Ga.*, 699. In the case at bar, he knew that the hand-car was defective. He called the attention of the section master to it himself, and both concurred in it's not being entirely safe, but as requiring care in its use. The defect known to both was that one of the handles of the car was longer than the other. That plaintiff apprehended danger from it, is apparent from his calling attention to it, and that it was to be repaired at the company's shops, a short distance off. As ruled in Baker *vs.* this same company, *supra*, knowledge of "the dangerous condition of the tool or instrument," coupled with the fact that the employé afterwards uses it, fatal to his recovery. That case controls this, on this point.

3. Nor does it vary the case that "the employé knowingly undertakes to use a dangerously defective tool under the immediate command of a superior employé," *Baker vs. W. & A. Railroad, supra.* So that the direction or

command of the section-master does not relieve the plaintiff's case from this insurmountable fault in himself. See Wood's Master and Servant, sec. 366, 377; 55 *Ga.*, 133, 279; 58 *Ib.*, 485; 50 *Ib.*, 465; 56 *Ib.*, 586; 60 *Ib.*, 119; 63 *Ib.*, 173.

Judgment affirmed.