Action on notes.   Before Judge SWEAT.   Clinch superior court.   October term, 1892.

S. R. ATKINSON, S. W. HITCH and S. C. ATKINSON, for plaintiffs in error.

E. P. PADGETT and J. C. McDONALD, *contra.*

---

HAZLEHURST *v.* THE BRUNSWICK LUMBER COMPANY.

The evidence showing that the danger of the work in which the plaintiff was voluntarily engaged must have been as obvious to himself as to his employer; that there was no emergency requiring him to expose himself to the danger; and that, if free from fault himself, the negligence, if any, which resulted in his injury was that of a fellow-servant, he was not entitled to recover, and the court was right in granting a nonsuit.          *Judgment affirmed.*

April 30, 1894.  Argued at the last term.

Action for damages.   Before Judge SWEAT.   Glynn superior court.   December term, 1892.

Plaintiff was employed by defendant to drive a mule hitched by a rope to a truck used to haul lumber.   While so engaged and (as he claimed) without fault on his part, the lumber fell from the truck against him, breaking his leg.   He alleged that the truck was defective, inadequate and unsuited to the purpose, and that it was improperly loaded.   It was eight feet long and three feet wide, and the lumber on it was thirty feet long and eight by ten inches in width and thickness.   It was loaded five tiers high on the truck, which was too short to haul that length of lumber.   He had been employed in this work about three weeks.   He did not know it was dangerous to haul lumber of that length and size on that length of truck.   There were longer and wider trucks at the mill, but they could not be used on account of the lumber being piled so near the track.   The usual

length of lumber hauled on the trucks previously was twelve to fifteen feet. He had never hauled lumber as long as this. This was the second load of long lumber. He had nothing to do with the loading; four other hands were doing that. Both he and they were under the direction and control of a boss who was not present when this load was put on nor when the injury occurred. One witness testified that defendant's trucks, though such as were commonly used in that section of country, were not properly constructed or loaded; that trucks for hauling lumber should have a turn-table on them so that the load could be turned without turning the truck; that a load of lumber on any kind of truck should be bound down with a chain or rope to keep it from falling, etc.

BROWN & WILLCOXON, for plaintiff in error.
GOODYEAR & KAY, contra.

S. C. ATKINSON, J. W. BENNET and S. R. ATKINSON, for plaintiff. GOODYEAR & KAY, for defendant.