HOYLE *v.* THE EXCELSIOR STEAM LAUNDRY COMPANY.

The plaintiff being an adult engaged in the work of cleansing a machine, an operation the danger of which was obvious without instructions from the master, there was no negligence in failing to give her warning of the danger; and it appearing from the evidence that by the exercise of ordinary care she might have avoided the injury she sustained, there was no error in granting a nonsuit. November 12, 1894.

Action for damages. Before Judge VAN EPPS. City court of Atlanta. March term, 1894.

GOODWIN & WESTMORELAND, for plaintiff.
JACKSON & LEFTWICH, for defendant.

SIMMONS, Chief Justice.

The record shows that the plaintiff was over thirty years old at the time of the injury complained of, and that she had worked several months in the laundry, and about two months on the particular machine by which she was injured. This machine was an iron cylinder about the size of a flour barrel, which revolved towards the person using it, and was used for the purpose of ironing table-cloths, sheets, etc. The plaintiff was directed to wipe it off every Monday morning, and to do this while it was running. In order to perform this duty, it was necessary to wrap a cloth around her hand, and in this particular instance she left part of the cloth hanging down from her hand, and this part of the cloth was caught between the cylinder and the piece against which the articles ironed were pressed, and her hand drawn into the machine and injured. The superintendent had not warned her of the danger attending the work in which she was engaged, and this is the main ground upon which she sought to recover.

It seems to us, from the description of this machine in the record, that any person of ordinary intelligence would have known that it was dangerous if proper care was not taken in working upon it.   The plaintiff, being an adult and having worked upon it for two months and cleaned it several times before, must have known as well as the superintendent that if a part of the cloth wrapped around her hand was allowed to hang down, the cylinder in its rapid revolutions would be likely to take it up and draw her hand into the machine as it did on this occasion.   And when the danger was as obvious to her as it was to him, what was the necessity of his telling her that the machine would mash her hand unless she was careful?   Under this state of facts, the failure to warn the plaintiff of the danger was not negligence on the part of the defendant; and the court did not err in granting a nonsuit.   See Atlas Engine Works *v.* Randall, 50 Am. Rep. 798.          *Judgment affirmed.*