BIBB MANUFACTURING Co. *v.* TAYLOR, by next friend.

95 615
d111 324

1. Where a part of a machine consisted of very rapidly revolving cog-wheels, the danger from which would be obvious even to a child of ordinary capacity, and an infant employee, who was such a child, had been repeatedly and distinctly warned of the danger and told that the cogs would cut off his finger or his hand if caught therein, it was not indispensable to the sufficiency of the warnings that it should have been further pointed out to the child exactly wherein the danger consisted, or explained to him how his hand would be injured by the operation of the cog-wheels.

2. The court having charged to the effect that the warnings would not be sufficient unless they went to the extent which has been indicated in the preceding note, this was, in a case where the overwhelming preponderance of the evidence showed full diligence on the part of the defendant in all respects, such error as to require the granting of a new trial.

February 27, 1895.

Action for damages. Before Judge HARDEMAN. Bibb superior court. April term, 1895.

HARDEMAN, DAVIS & TURNER, for plaintiff in error.
RYALS & STONE, *contra.*

ATKINSON, Justice.

The plaintiff, as the next friend of his minor son, brought an action against the defendant, for personal injuries alleged to have resulted to his son in consequence of the negligence of the defendant in failing to inform the child of the dangerous character of certain machinery about which he was put to work in the defendant's factory, in consequence of which failure to inform the boy of the dangerous character of the machinery, he was injured. The evidence was somewhat conflicting as to the age of the boy, though the greater

weight of it seems to fix his age at about eight years.
His father knew that he was to be employed, or was
employed by the defendant in its factory; knew of the
character of the business in and about which he was
employed; and the testimony shows, though the minor·
himself stated to the contrary, that the child had been
repeatedly advised by various employees of the defend-
ant, including the assistant superintendent who was
immediately in charge of the department in which the
boy was employed, as to the danger attendant upon a
negligent attention to his business connected with the·
machinery.   It was shown that, notwithstanding these·
repeated warnings, the boy was accustomed, in his spirit
of idle playfulness, to manipulate various cog-wheels
connected with the machine.   He was at work upon
the machine, cleaning out trash that had accumulated·
in the cogs of the machine by which he was injured.
The testimony of the minor's father who brings this·
suit, was to the effect that, while not specially bright,
he was a child of ordinary intelligence and capacity.
It appears that he was furnished with a stick and a
piece of waste and instructed how to use them in get-
ting the machinery cleaned.   There was no evidence
that he did not know of the dangerous character of the
machine, or that he was not of sufficient capacity to·
have performed his work without injury, if he had been
attentive to his duties.   The question in the case turned
upon whether the master had exercised ordinary care in
instructing the minor as to the uses of the machinery
and the dangers incident to his employment in connec-
tion therewith.   There was abundant evidence of the
fact that he had been repeatedly advised that the ma-
chine was dangerous, and that he himself knew it; and
under this state of facts, the court charged the jury, in
effect, that the mere notifying him that the machine
was dangerous by an employee would not be sufficient·

to relieve the defendant, unless that employee pointed out to him where the danger consisted—not simply to notice that what he was doing was dangerous. The vice of this instruction consists in the expression by the court to the jury of an opinion upon the weight of the evidence. The question of negligence is one for the jury exclusively, and the law does not undertake to point out how, nor in what manner, a master shall instruct a minor servant in the handling of dangerous machinery. If, as in this case, the danger be manifest and obvious, the jury might have found, had they been free so to do under the charge of the court, that no instruction at all was necessary, and if necessary, that the precautionary words of a coemployee were sufficient to apprise the boy of the danger to which he was then exposing himself, and in consequence of which he ultimately suffered injury. Whether such instruction would suffice, would depend to a very great degree upon the character of the machinery. If it were exceedingly intricate, invested with many latent dangers, a jury would probably find that a more detailed instruction were necessary than was given by the master to the servant in this case. But if it were a simple contrivance, easily understood, more general instructions might suffice to satisfy them. At all events, whenever the jury find that the master, with reference to this particular matter, has exercised ordinary and reasonable care, he is entitled to an acquittal. Upon all questions of fact involved they are the arbiters chosen of the law. The court has no more power to invade the province of the jury, than the jury has to entrench upon the prerogatives of the court. In view of the strong evidence submitted in behalf of the defendant in vindication of its diligence in the premises, we cannot say that this expression of opinion by the presiding judge was harmless; and even if we felt at liberty so to do, we are confronted by the

positive enactment contained in section 3248 of the code, enjoining upon this court the duty of directing a new trial. We do not deem it necessary to consider in greater detail each of the many exceptions to rulings in this case.

Let the judgment of the court below be　*Reversed.*