## WILLINGHAM *v.* ROCKDALE OIL & FERTILIZER COMPANY.

Where, upon the trial of an action brought by a person to recover damages for personal injuries alleged to have been sustained by him in the operation of the defendant's machinery which was alleged to be defective, it appeared from the evidence that the plaintiff sustained his injuries in an

attempt to prevent the running off of a certain belt; that a number of times previous to this particular occasion the belt had run off and plaintiff had put it on; and that at the time the injuries were inflicted, the plaintiff, seeing that the "belt had started off again" and while the machinery was in operation, "got a piece of soap and was holding it on," and accordingly "was hurt by being caught in the belt trying to keep it on"; and that plaintiff could not say whether or not the alleged defect caused the belt to run off: *Held*, that whether the alleged defect did or did not cause the belt to run off, the plaintiff in undertaking to hold the belt in position while the machinery was in motion, knowing the facts above outlined, assumed the hazards of his venture; and it not appearing that the alleged defects, which were unknown to him, produced results which the plaintiff had no reason to apprehend, the presiding judge committed no error in granting a nonsuit.

Argued June 12, — Decided July 9, 1897.

Action for damages.    Before Judge Candler.    Rockdale superior court.    October term, 1896.

*George W. Gleaton*, for plaintiff.
*A. C. McCalla*, for defendant.

LITTLE, J.    The plaintiff was nonsuited; and he complains of the ruling of the court, and assigns as error that the proof showed the defendant to be negligent in running its machinery while out of repair, and negligent in not stopping and putting the machinery in repair, and in running such machinery at the risk of its servants, when the defects were known to it. The plaintiff was in the employ of the defendant as night superintendent, and was injured by being caught in a belt while he was holding it and trying to keep it on, the machinery being in operation and the belt running while he was making this attempt.    It was further in evidence that the plaintiff had worked with the defendant in the mill for a number of years and for a considerable length of time in the capacity of night superintendent of the mill, was acquainted with the machinery and its operation, and had charge of operating and directing it at night; that previous to his being hurt, the belt had run off, that he had cut, sewed and placed it in position again, and seeing that it was about to run off again, he "soaped" it and was endeavoring to hold it on when he was injured.

Our Civil Code, § 2612, declares, that a servant assumes the ordinary risk of his employment, and is bound to exercise his

own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duty of furnishing his employees with machinery reasonably safe for persons who operate it with ordinary care and diligence (Civil Code, § 2611), it must appear that the master knew or ought to have known of the defects or danger in the machinery; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof. These provisions of the code would seem to dispose of the case. The injured employee had been acquainted with the machinery for years, according to the evidence. More than that, at the very time of the injury, he was endeavoring to counteract a defect in its operation in a very hazardous manner, adopted without suggestion from the master or any one else, and one which no prudent man ought to have undertaken. He was injured, not in consequence of any defect in the machinery, but as the direct result of his imprudent and incautious act. As a rule, an employee can not recover from his master for injuries sustained when he himself was at fault; and we know of no law or precedent and no principle of justice which would authorize a recovery when such employee was injured as a result of a rash and negligent act, not sanctioned by the master, and which exposed the employee to great risk and danger.

If the plaintiff, by the exercise of ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. Civil Code, § 3830. So that even if the master was negligent in the matter of furnishing safe machinery, this plaintiff could not recover. He could well have avoided the injury. The nonsuit was properly awarded. *Hoyle* v. *Excelsior Co.*, 95 *Ga.* 34; 50 Am. R. 798; see also *Bell* v. *W. & A. R. R.*, 70 *Ga.* 566; *Nelling* v. *Industrial Co.*, 78 *Ga.* 260; 49 Mich. 466.

   *Judgment affirmed. All the Justices concurring.*