SOUTHERN AGRICULTURAL WORKS *v.* FRANKLIN.

1. Following the decision of this court in *Atlanta Cotton Factory* v. *Speer*, 69 *Ga.* 137, which was approved and followed by a full bench in *Augusta Factory* v. *Barnes*, 72 *Ga.* 217, the general rule of law exempting a master from liability to one servant for the negligence of a coemployee does not apply to the case of a child who was injured or killed in consequence of the negligence of a superintendent under whose orders the child was at work, which orders the child was bound to obey ; the more especially when the child was by its father hired to the common master of both the child and the superintendent to do a particular kind of work, which was not dangerous, and was by the superintendent, without the father's knowledge or consent, required to do other work which was dangerous, and was in consequence injured or killed.
2. The petition as amended set forth the plaintiff's cause of action with sufficient distinctness in all material particulars, and was good as against the demurrer.

Argued June 15,—Decided July 12, 1900.

Action for damages. Before Judge Reid. City court of Atlanta. January term, 1900.

*Slaton & Phillips* and *D. W. Rountree*, for plaintiff in error. *G. L. Bell* and *C. P. Goree*, contra.

LEWIS, J. R. V. Franklin brought suit in the city court of Atlanta against the Southern Agricultural Works, and for cause of action substantially alleged, that the defendant was a corporation having its principal office in the city of Atlanta. The defendant, at the time of committing the grievances mentioned, to wit, on January 17, 1899, and for several months prior thereto, was the owner and operator of a certain manufactory, situate on Marietta street in said city, used in manufacturing agricultural implements, and was then engaged in that business. It had a steam engine, producing steam power of great force and pressure, which was used to move and work machinery, gearing, and belting, which said machinery, gearing, and belting was used in manufacturing said agricultural implements. There was certain other machinery, to wit, a large shaft or axle moving, which was kept in motion by means of the steam engine. There was also other machinery, gearing, belting, shafts, cog-wheels, and shearers, used in the manufacturing of said implements, which while in operation was extremely dangerous. On January 2, 1899, defendant employed

petitioner's son, George W. Franklin, as an employee and servant to do and perform certain work and labor for it in its manufactory, for hire, wages, and reward, to wit, to put up plows on the bench to the grinders at the emery-wheels in said manufactory.    George W. Franklin was petitioner's son, and at the time of his employment was a minor of tender years, being at the time between thirteen and fourteen years of age, and although small in size for his age, he was sound and healthy, and of a strong constitution, and was sober, industrious, etc.    Petitioner hired his son to the defendant to do the specific work mentioned, and the character thereof was not dangerous, and was not connected with any of the machinery in the manufactory ; and the duties of his work did not require him to have anything to do with the machinery, or to be acquainted with, or have any knowledge of it.    Petitioner was well acquainted with the machinery in defendant's manufactory, and knew of its dangerous character; his son was wholly inexperienced and unacquainted with it and its operation, and, knowing this, petitioner only consented to hire him to do the specific work mentioned, and would not under any consideration, and did not, consent for his son to work at, with, or about any of said machinery. Defendant changed the work in which he was employed up to January 17, 1899, and on that day, while he was engaged in the performance of the duties of his employment, the defendant withdrew him from the specific duties for which he was employed, and assigned him to other duties not connected with or embraced within his special employment.    He was ordered by Robert Quinn, the foreman of the shearers and punchers in said manufactory, to leave his said work and go to another room where a shearer was located, which was a dangerous machine, connected, by shaft, cog-wheels, pulleys, and belting, with the main axle or shaft and steam engine, and was wrongfully, carelessly and negligently put to work by said foreman on said shearer and near said cog-wheels, which were revolving with great force and velocity, being propelled by a powerful steam engine, without instructing him as to the danger of said machinery or how to work at the same; and while engaged at the said shearer, under the express order of said foreman, and having been at work at the same only a short time, the said George

W. Franklin was, by the wrongful conduct and negligence of defendant, caught in said machinery between the cog-wheels, whereby he was mortally wounded, from the effect of which he died. Robert Quinn, foreman, was authorized to hire and discharge employees for the defendant, and did, on January 2, 1899, hire said George W. Franklin from petitioner to work for defendant at the specified work aforesaid. Said Franklin was working under Quinn, foreman, and it was his duty to obey the orders of Quinn, who was placed in authority over him by defendant. Petitioner was entitled to the earnings of his son from the date of his death to his majority, a period of seven years and twenty-one days. At the time of his death his son was earning thirty-five cents a day, and his capacity to earn still more would have increased with his age; by reason of all of which he was damaged in a sum stated.

To meet a special demurrer of defendant, plaintiff amended his petition by alleging that defendant was also guilty of negligence in putting his son, who was a minor of tender years and unacquainted with machinery and its operation, to work at, upon, and about said machinery. It then specified how he was hurt, while helping one Guerin change the blades on the shearer, in obedience to the order of Quinn, defendant's foreman; said machinery being provided with a loose pulley for stopping it, and cog-wheels, in the room where Franklin was injured, without interfering with the operation of other machinery in other departments. The shearer was not in operation when Franklin was put to work at, upon, and about said machinery, and while he was working at, upon, and about it, and at the time he was injured, having been stopped by means of a clutch used for that purpose; and said cog-wheels were in close proximity to the shearer upon which Franklin was working, and were exceedingly dangerous by reason of their close proximity to the shearer, and by reason of their revolving with great force ; and it was defendant's duty to stop them from revolving before putting said minor son to work upon the machinery. Yet defendant disregarded its duty in that it did not stop the cog-wheels from revolving, but put his son to work upon the machinery while the cog-wheels were revolving with great force; which was negligence on defendant's part. Defendant was further

guilty of negligence in putting his minor son to work upon said machinery without first having made it reasonably safe for him to work at, by boxing the cog-wheels, which could have been done with ease and at very little expense, and would have prevented the injuries aforesaid. It was defendant's duty to box its machinery; yet defendant disregarded its duty in this regard, and did not box the cog-wheels and make the machinery reasonably safe, but put the minor to work upon it without making it safe by boxing the cog-wheels, or otherwise guarding them. By reason of the negligent conduct aforesaid, the said Franklin was in some way, the precise manner of which is unknown to petitioner, caught between the cog-wheels, and received the injuries aforesaid. To this petition the defendant demurred on various grounds, the special grounds of which were met by the amendment. The demurrer was overruled by the judge below, upon which judgment defendant assigns error.

1. The main contention which seems to be relied upon by counsel for plaintiff in error is, that Quinn, the foreman of the shearers and punchers, was a fellow-servant of the deceased, and that a workman engaged in the same establishment, and having superintendence over a few others is not a vice-principal. The general doctrine that a master is not liable for an injury of an employee resulting from the negligence of a fellow-servant we do not think has any application to this case. Under previous decisions of this court, it has been definitely decided that this does not apply to the case of a child who is injured in consequence of the negligence of a superintendent, under whose orders the child was at work, and which orders the child was obliged to obey. In the case of *Atlanta Cotton Factory* v. *Speer,* 69 *Ga.* 137, the general principle was announced that the agent who represents the corporation as master over other employees for the time occupies the position of the corporation for such time as to such subordinates; that the corporation is bound to appoint a skilled and prudent manager to such position, and is negligent if it employs an imprudent or incompetent person. This doctrine by that decision is especially applied to a case where the injured employee is a child without access to the president or general superintendent, and who receives his orders solely from the manager of the branch of the business in which

he is engaged.	It was further decided in that case that it made no difference that such subordinate manager violated the orders of his superior officer in placing the employee in a position of danger; nor did it matter that at the time the entire factory where the injury occurred was under the general supervision of a watchman, and he had an altercation with the subordinate manager under whom the class of employees to which plaintiff belonged were at work.	See the able opinion of Chief Justice Jackson on p. 149.	This case was approved by this court in *Augusta Factory* v. *Barnes*, 72 *Ga.* 228, where it was held that the defendant's agent, in the case of a minor employee, owed the child a higher degree of care and duty, which required its agents in authority over her to look after her safety while under its charge, and engaged in the performance of her duties. The court then approves the ruling of this court in *Atlanta Cotton Factory* v. *Speer*, 69 *Ga.* 137, and remarks that "we do not understand that there was anything in the opinion of Mr. Justice Crawford, who dissented from the majority, contravening this rule; so that to this extent the judgment may be considered unanimous."	See also *McIntyre* v. *Empire Printing Co.*, 103 *Ga.* 288, where it appeared from the testimony that a child about 14 years of age was placed at work on a machine, and that she got her orders from one who was foreman in the room in which she worked, who told her to go to work on the machine.	Justice Cobb in his opinion states: "Whether the character of the machine was such that the dangers in operating it were patent to a child of plaintiff's age and capacity, and whether she was guilty of negligence in the way in which she operated it, and thus brought her injuries upon herself, are questions which should have been submitted to a jury, under proper instructions from the court."	We think that case impliedly recognizes the doctrine announced in the present instance.	It was decided in *Scudder* v. *Woodbridge*, 1 *Kelly*, 195, that the doctrine that the principal is not liable to one agent or employee for damages occasioned by the negligence or misconduct of another agent or employee, is not applicable to slaves.	We do not see why the same doctrine would not with like force and reasoning be applied to minor children of tender age, who are subject to the orders and supervision of a person in whose charge

they are placed.    The cases of *Hazlehurst* v. *Brunswick Lumber Co.*, 94 *Ga.* 535, *Hoyle* v. *Excelsior Laundry*, 95 *Ga.* 34, *Cates* v. *Itner*, 104 *Ga.* 679, and *Daniel* v. *Forsyth*, 106 *Ga.* 568, have no application to this case; for they refer to adults.    The case of *Bibb Mfg. Co.* v. *Taylor*, 95 *Ga.* 615, does refer to an injury to a minor, but it appears there that the minor had been repeatedly and distinctly warned of the danger and told thereof; and it appears that it was a case where the overwhelming preponderance of the testimony showed full diligence of the defendant in all respects.    Therefore it can have no application to the case as made by this petition.    That case has no reference to the principle involved in a child acting under the orders of a subboss, and being injured in consequence of his negligence.    So far as our research has extended, the Georgia cases, as above indicated, which rule that a subboss, though having power to employ and discharge hands and those working under him, is their fellow-servant, when it appears that there is a master higher in authority, have been applied exclusively in cases where the injury was to an adult.

The principle herein is announced in the case of Railroad Co. *v.* Fort, 17 Wall. 553, where it appears that a boy was engaged in a machine-shop as a workman or helper under the superintendence of C., and required to obey his orders.    After being employed a few months in receiving and putting away mouldings as they came from a moulding machine, the boy, by order of C., ascended a ladder to a great height from the floor, among rapidly revolving and dangerous machinery, for the purpose of adjusting a belt by which a portion of the machinery was moved, and while engaged in the endeavor to execute the order had his arm torn from his body.    The jury. found that the order was not within the scope of the boy's duty and employment, but was within that of C., and the court held that the company was liable in damages for the injury, and that the rule that the master is not liable to one of his servants for injuries resulting from the carelessness of another, when both are engaged in a common service, although the injured person was under the control and direction of the servant who caused the injury, whether a true rule or not, had no application in that case.    See also Northern Pac. Co. *v.* Richmond, 58

Fed. Rep. 757–760, announcing the same principle; McKinney on Fellow-Servants, 104. In the case at bar the minor who was killed is alleged to have been taken away from the discharge of the duties which he had been hired to perform by his father, and placed at work at a dangerous place under the orders and directions of an agent of the defendant who had charge of this work, and superintended the laborers engaged thereon, and one of the vital questions in the case is whether or not this conduct of the defendant, through such a superintendent, was negligence. Under the allegations in the petition, and the authorities above cited, this is clearly a question for investigation by the jury. The court was, therefore, right in overruling the general demurrer to the petition.

2. The petition as amended, we think, set forth the plaintiff's cause of action with sufficient distinctness in all material particulars, and was good as against the special grounds of the demurrer. *Judgment affirmed. All the Justices concurring.*