TILLMAN W. JOHNSON, plaintiff in error, *vs.* WESTERN AND ATLANTIC RAILROAD COMPANY, defendant in error.

Where an employee of a railroad company knowingly uses defective machinery, he cannot recover damages for injuries resulting therefrom.

Railroads. *Torts.* Before Judge McCUTCHEN. Gordon Superior Court. February Term, 1875.

Reported in the decision.

W. H. DABNEY; W. R. MOORE, for plaintiff in error.

WOFFORD & MILNER; FAIN & MILNER, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages for the alleged careless and negligent conduct of the defendant's employees, whereby he was greatly injured, by having his leg broken, etc., the plaintiff being also an employee of the defendant. On the trial of the case the jury found a verdict for the plaintiff for the sum of $2,000 00. The defendant made a motion for a new trial, on the ground that the verdict was contrary to the evidence, that it was excessive, and for error in the refusal of the court to charge the jury as requested by defendant. The court granted the motion for a new trial, whereupon the plaintiff excepted.

It appears from the evidence in the record that the plaintiff was in the employ of the defendant as a track hand upon its road; that he, with other employees of the defendant, at the time of the alleged injury, were engaged in the transportation of themselves and tools to their place of work, on a hand-car. When going along to their place of work, on defendant's road, the boss of the squad directed them to stop and take on the car three iron rails, and five cross-ties, which was done, placing two of the rails on the west side of the car, and one on the east side thereof; the cross-ties were put across the rails, the car then went forward about one-fourth of a mile, and took on another iron rail, which was placed on the east side of the car, near the edge, which was worn off and beveled. The parties then started off down the road, went about half a mile, when they reached Reeves' crossing; the boss blew his whistle for the car to stop, and said, let us get this car off the track, the train will soon be passing. Whilst unloading the car to get it off the track, the iron rail which had been placed on the east side of the car rolled off and broke

the plaintiff's leg. The plaintiff alleged, in his declaration, as one ground of the defendant's negligence, that it was using an old, frail hand-car, that was nearly worn out, so much so that the edges of the platform were worn off to a steep bevel, and that said hand-car was in no way suited to the use intended. The evidence before the jury established the fact that the edges of the platform of the car, especially on the east side thereof, where the iron rail rolled off on the plaintiff's leg, was badly worn to a steep bevel. The plaintiff testified that he had been at work on the road with that same car about six months; that it was an old concern, badly worn off at the edges when he went on the road, and continued to get worse every day; that they used the car for hauling crossties and iron rails all the time, but he could see the car was getting worse and worse whilst he was at work on the road. The defendant, at the trial, requested the court to charge the jury, "that if the evidence shows that there was any defect in the hand-car furnished for the plaintiff's use, and with which he was associated, and if it appears from the evidence that the plaintiff was aware of such defect and continued to use it, and was damaged on account of the same, then he would not be entitled to recover." The court refused this request to charge the jury, giving as a reason therefor that he did not understand the plaintiff as relying on the defects in the machinery or car furnished for the use of the employees. In view of the allegations in the plaintiff's declaration in relation to the defective condition of the car, and the evidence offered on the trial in support thereof, the charge requested was a pertinent legal charge, and should have been given as requested. The plaintiff's case was before the jury on the pleadings and evidence, for their consideration, and they may have found their verdict in favor of the plaintiff on the ground of the worn and beveled condition of the east side of the platform of the car, off of which the iron rail rolled on to the plaintiff's leg—who can tell? The court, therefore, should have given in charge to the jury the law applicable to the evidence in the case as requested. But inasmuch as the

court below has corrected its own error, by granting a new trial, we affirm its judgment.

Let the judgment of the court below be affirmed.