The CENTRAL RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* FRANCIS M. KENNEY, defendant in error.

1. To make a *prima facie* case for recovery, a railroad employee suing the company for a physical injury resulting from an act in which he

participated, must prove, either that he was not to blame, or that the company was. The latter, in reply, may defend successfully by disproving either proposition; that is, by showing that the plaintiff was to blame, or that the company was not. If both were to blame, or if neither was, the plaintiff cannot recover.

2. A section-master in temporary charge of a hand-car must note such defects in it as are discoverable in the reasonable and ordinary exercise of diligence in the course of his duty, and decline or cease to use it if it be obviously unsafe; otherwise, he cannot recover for an injury to himself which his declaration alleges to have been caused, in part, by the defective character or condition of the car.

3. If the defect in the car was such as to deceive human judgment, the company, as well as the plaintiff, stands excused. And whatever diligence he exercised in seeing to the apparent safety of the vehicle, goes to the credit of his employer, as well as to his own credit.

4. Where negligence is in issue, a new trial may be granted for insufficient evidence, or because the verdict is contrary to evidence, as may be done in other cases where questions of fact are involved.

Railroads. Master and Servant. Negligence. Before Judge HALL. Henry Superior Court. April Term, 1876.

Kenney brought case against the Central Railroad and Banking Company for $20.000.00 damages. His declaration alleged, substantially, as follows : On February 25th, 1875, plaintiff was in the employ of the defendant in the capacity of overseer of the East Point section, number 12, Atlanta division, of the defendant's road. In the discharge of his duties, and under the direction of the defendant, he was running on what is known as the supervisor's crank-car, over defendant's track, at Hampton. Without carelessness or negligence on his part, but owing to the defective and careless construction by defendant of the " frog " at that point, and owing also to the defective construction of the wheels of the said crank-car, the same not being securely and properly fastened at the axle, but loosely and carelessly attached, the said car ran off the track in passing over said " frog," precipitated plaintiff on the track, ran against him, and broke his right leg, permanently injuring him, etc.

The defendant pleaded the general issue.

The evidence for the plaintiff presented, in substance, the

following facts: The plaintiff, under the direction of the supervisor, had been engaged in measuring wood and cross-ties along the line of the railroad. The supervisor had furnished to plaintiff his crank-car for use in discharging this duty. He met J. T. Dorsey, also a section-master, at Love-joy's station, who stated to him that the supervisor directed that he (Dorsey) should accompany him over his (plaintiff's) section. Dorsey, two negroes and plaintiff then went on the same crank-car in the direction of Hampton. When two or three miles from the last-named station, plaintiff ordered the car to be stopped and taken off the track, in order to allow a train to pass. Plaintiff observed one of the hands working on the wheel of the car. He stopped him and examined it. He ascertained that the wheel was not properly put on. He and Dorsey put on the wheel and drove in the wedge. Plaintiff then considered it as safe as it ever was. After the train passed, the car was replaced on the track, and propelled towards Hampton. As they approached this station, they were going down grade at the rate of about six miles an hour. When they struck the "frog" at Hampton, the car was thrown from the track, and the plaintiff injured. The wheels of the car were fastened on with wedges. The flanges to the wheels were not more than one-half inch deep. Plaintiff's opinion was, that the accident was caused by the flanges of the wheels being too shallow. The speed at which the car was running was usual. Plaintiff was in no hurry. He had been employed on defendant's road as a section-master for about two years. Had been in the employ of the Southwestern Railroad Company in the same capacity for about the same time. He had thus been in the daily use of hand-cars. He had complete control of the car ; he stopped it and put it on at his pleasure.

There was evidence to show the nature and extent of the plaintiff's damages, etc., all of which is omitted as immaterial here.

The defendant introduced evidence to show that the car, at the time of the accident, was running at a greater speed

than six miles per hour, and that it was considered dangerous by experienced railroad men to go over a "frog," in a hand-car, at a greater rate of speed than from two to three miles per hour.

The jury found for the plaintiff $3,500.00 The defendant moved for a new trial on the following grounds :

1st. Because the verdict was contrary to the following portion of the charge of the court : "If the plaintiff was at fault, or was negligent, then he cannot recover, although the car, or track, or both, were defective. If there was a defect in the wheel on the car, and plaintiff was apprised of it, it was his duty, if he had to use the car, to exercise care and caution in running the car ; and, in order to determine whether he used care and caution, you will look to the evidence in the case. You will look to the distance he was required to travel on that day ; the amount of work he was required to do ; the extent of the defect in the wheel ; the effort, if any, to repair the defect in the wheel ; the character of the wheel after it was repaired—that is, whether it was safe or not to go on with it, in its condition ; the speed he was running ; the character of the track over which he was running ; and to all the facts and circumstances of the case. If, in your opinion, he acted as a prudent, cautious man would have done under similar circumstances, then he could not be charged with being at fault, or being negligent. But if, in your opinion, he did not act as a prudent man should have acted under similar circumstances, then he was at fault, or negligent. If plaintiff was injured by the running off of the car of defendant for any cause, he is entitled to recover for the injuries received, unless he was at fault, or was negligent ; but if he was at fault, or was negligent, then he is not entitled to recover."

2d. Because the verdict is contrary to the law and the evidence.

The motion was overruled, and the defendant excepted.

A. R. LAWTON ; SPEER & STEWART, for plaintiff in error.

L. J. Gartrell; J. J. Floyd, for defendant.

Bleckley, Judge.

1. Let the word blame, as here used, be understood to mean negligence, or the omission of that degree of diligence to which the party is legally bound. Where a railroad employee has been physically injured while on duty, he cannot recover of the company if both were to blame, or if neither was to blame, or if he was to blame and the company not; only where he was not to blame and the company was, is he entitled to recover. Of course, the blame of a co-employee, or of any officer or agent, is treated as that of the company itself. Concerning one class of cases, namely, that class in which, as in the instance before us, the injured party shared directly in the act which resulted in his own wounding, the rule as to the burden of proof is as follows: After proving the fact and degree of the injury, if the plaintiff will show himself not to blame, the law then presumes, until the contrary appears, that the company was to blame; or if he will show, on the other hand, that the company was to blame, the law then presumes, until the contrary appears, that he was not to blame. So that, in order to make a *prima facie* case, and change the *onus*, he need not go further than to show by evidence one or the other of these two propositions: either that he was not to blame, or that the company was. The company, taking at this stage the burden of reply, can defend successfully by disproving either proposition. The disproval of both is not necessary; but until one or the other shall be overcome, the defense is not complete—56 *Ga.*, 586. It follows that where an employee of a railroad company sues for a personal injury sustained by him in consequence of a hand-car leaving the track, upon which car he was riding, and the running of which he controlled, he must, in order to entitle himself to recover, show, affirmatively, that he was free from fault, or that there was negligence by the

company sufficient to have caused the run-off. It takes this much to make a *prima facie* case; after which, the plaintiff will still fail, if it appear, from all the evidence taken together, either that he was not free from fault, or that the company was not negligent.

2. The person injured being a "section-master" (a position requiring the daily use of a hand-car), and having some years' experience in his business, and the declaration alleging that the injury was caused, in part, by a defective hand-car, which car, according to the evidence, was, at the time, in use by him, and under his control, he cannot recover without making it appear that he did not discover the defect in time to avoid exposing himself to the danger, or that the defect was of such a nature as not to be discoverable in the reasonable and ordinary exercise of diligence in the course of his duty—55 *Ga.*, 153, 279.

3. Under the evidence, if the run-off was occasioned by the shortness of the flange on the wheels of the car, there is no suggestion that this defect was less known to the plaintiff before the calamity than after; or if it was due to displacement of one of the wheels, a like displacement of the same wheel had occurred previously, on the same day, which the plaintiff had corrected to his own satisfaction. The true condition of the defective wheel at the time of the disaster was better known to him than to the company. If it appeared to him safe, no reason is suggested why the company could have known or suspected it to be unsafe. If the defect was such as to deceive human judgment, the company, as well as himself, stands excused for not discontinuing the use of the car on account of it. Whatever diligence he exercised in seeing to the apparent safety of the vehicle, goes to the credit of the company as well as to his own credit. When, with so much experience, and with such opportunities for forming an opinion, he pronounced it safe, he was acting for and representing the company. His mistake, if without good excuse, might render the com-

pany liable to others, had others been injured; but, of course, it should not make the company liable to him.

4. While negligence is a question of fact for the jury, it, like all other questions of fact, is subject to be examined by the court on a motion for new trial; and where the verdict is contrary to evidence, or without sufficient evidence to support it, a new trial will generally be granted.

Judgment reversed.