KENNEY *vs.* THE CENTRAL RAILROAD.

1. This case, while differing in its facts from *The Central Railroad vs. Kenney,* 58 *Ga.*, 485, involves similar legal principles, and in its main features is controlled by that authority.
2. As the plaintiff was an employee of the defendant when the physical injury sued for was sustained, and was directly connected with the running of the hand-car by which he was injured, being in the immediate and sole command of the car and of his co-employee by whom the crank was turned, his own negligence was a question in the case, and the facts testified to by himself were such as to render that question a necessary topic for the court to deal with in charging the jury.
3. Any substantial fault of an employee, however slight, which contributed to the injury for which he sues, will defeat his action. To recover, he must have been blameless.
4. Evidence favorable to the defendant will be no less effective in his behalf for being introduced by the plaintiff, and thus coming before the jury as a part of the plaintiff's case.
5. When a party is a witness for himself, his interest may be considered in valuing his evidence, even if he is unimpeached and uncontradicted. He may not be equally credible in all parts of his narrative, and the fact of his interest may be serviceable in distinguishing the less credible from the more credible particulars. His interest goes to his credit, and may or may not affect it, the jury in each instance judging for themselves, whether it does so or not, and also to what

extent, just as it is their province to do in respect to all witnesses who testify under any special influence or bias whatsoever.

6. The verdict was justified by the law and the evidence, and there was no material error in the charge of the court, the whole charge being construed together.

Railroads. Master and servant. Evidence. Witness. New trial. Before Judge HILLYER. Clayton Superior Court. March Term, 1878.

Kenney brought case against the Central Railroad for $25,000.00, alleging as follows: On January 7, 1874, plaintiff was in the employ of defendant as a section-master on its road. He had been furnished by defendant with a truck or hand-car for the purpose of transporting tools, himself and the hands under his charge, from place to place along his section, as occasion and security might require, to work on the road. Whilst this car was being run along said section by one Parks, an employee of defendant, plaintiff was thrown therefrom and run over. This resulted from said Parks being caught in the crank and thrown forward against plaintiff, thereby knocking him off. Parks negligently, and without fault on the part of plaintiff, suffered himself to be thus caught and thrown against him.

Here follows a statement of the injuries sustained.

The defendant pleaded the general issue.

The evidence, so far as material, presented the following facts:

Kenney was overseer of a section of defendant's track. On January 7, 1874, after finishing a day's work at Forest's station, he, with three other hands, started towards Morrow's station on a crank-car. He had full and complete charge of the car and the hands thereon. Parks, a negro, was propelling the car by turning the crank. Kenney was seated in front with his back towards Parks, where he could see the track and look out for obstacles. The crank caught the latter in some way, probably by the coat, and threw him violently against Kenney, knocking him off in front of the car. He was consequently run over and injured. Ken-

ney considered it dangerous to turn the crank with his coat on, and hence always removed it whether the weather was hot or cold. Parks, however, on this occasion had his coat on. The car was running down grade, being propelled at the speed of about six miles per hour, considered rather fast, though there were no orders as to the speed to be observed. The car was turned over to Kenney by Reed, the supervisor of the road, and had been in his use for about six months. When it was turned over to him the machinery for propelling it was all at the rear end, with a box in which to deposit tools, and upon which to sit. Kenney made a platform by adding strips to the rear end, thus enabling him to have the car run backwards and to sit in front instead of behind the crank. The car was being so run, and he was thus seated when he was hurt. He stated that it was usual to run the car either backwards or forwards, and that he considered the way it was being run the safer, though he gave no reason for his opinion. Had he been behind the crank instead of in front, it would have been impossible for him to have been knocked off in the manner that he was, in front of the car. He had been running the car in this way for about two months, and did not consider it unsafe.

The jury found for the defendant. The plaintiff moved for a new trial upon the following grounds:

1. Because the court erred in charging each of the following rules of law:

*a.* "No person shall recover damages from a railroad company for injury to himself or his property where the same is done by his consent, or is caused by his own negligence.

*b.* "If the plaintiff, by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover.

*c.* "A carrier of passengers is bound also to extraordinary diligence on behalf of himself and his agents, to protect the lives and persons of his passengers. But he is not liable

for injuries to the person after having used such diligence.

*d.* "Whatever care and diligence the plaintiff may have used in the alteration or construction of the car, and the manner of using it, would be to the credit of the railroad company as well as of himself, and whatever mistake or fault or negligence, if any, he may have been guilty of in the same respect, would be chargeable to him as well as to his employer.

*e.* "If he altered the car to his own satisfaction, and if he was content with the use made of it, and with the direction and speed in which it was moved, he can make no rightful complaint for injuries, if such there be, caused by such alteration, use, direction or speed.

*f.* "It was the duty of plaintiff to exercise ordinary diligence in the use of the car, and in giving proper and prudent direction to those under his authority, and to see to it that they did their duty properly so far as he had power over them, and if in any respect as to which he had not such authority, danger arose, it would be his duty to use ordinary diligence in keeping out of the way of such danger, and if he failed to exercise such diligence, and was thereby injured, he would be barred of any recovery.

*g.* "Any degree of fault, though slight, that is yet substantial and appreciable on the part of the plaintiff, would be sufficient to bar any recovery.

*h.* "In this case, if you find that the plaintiff was in charge of a hand-car, and of the men working it, and was injured by the running of that car, the burden of proof would be on the plaintiff to show either that he was not to blame or that the company was.

*i.* "But in attempting to show that the fault was with another employee, or even if he does show that the fault was with another employee, if, in doing so, he also shows that he, himself, was likewise in fault or negligent, he cannot recover. Or, if in attempting to show, or in showing, that he was without fault, he shows that the company was also without fault, he cannot recover.

*j.* "Any evidence, if such there be produced from the plaintiff's witnesses, which makes in favor of the defendant, the defendant may invoke and rely upon just as much as if produced by itself.

*k.* "If a party be a witness in his own case, his interest goes to the question of his credibility, of which the jury are to judge. You will take the witnesses and judge of them, the manner in which they testify, the matter of their testimony, what consideration is to be given to it, and out of it elucidate the truth."

2. Because the court erred in reading to the jury §3033, the first clause of §3034, the first clause of §2972, and §§2067, 2083 and 3036 of the Code connectedly, without comment, discrimination or explanation.

3. Because the verdict was contrary to law, evidence, justice, equity and the charge of the court.

The motion was overruled, and the plaintiff excepted.

E. W. BECK; P. L. MYNATT; W. A. TIGNER, for plaintiff in error, cited 36 *Ga.*, 379, 586; 58 *Ib.*, 190; 57 *Ib.*, 81; 49 *Ib.*, 100, 832; 50 *Ib.*, 203; 56 *Ib.*, 586; 37 *Ib.*, 503; 47 *Ib.*, 75, 24; 46 *Ib.*, 308; 45 *Ib.*, 108; 51 *Ib.*, 250; 55 *Ib.*, 288; 29 *Ib.*, 266.

A. R. LAWTON; SPEER & STEWART; WATERSON & STEWART, for defendant, cited as follows: Employee must be blameless, Code, §2972; 18 *Ga.*, 679; 19 *Ib.*, 447; 27 *Ib.*, 358; 54 *Ib.*, 509; 56 *Ib.*, 586; 58 *Ib.*, 485; 53 *Ib.*, 630; 59 *Ib.*, 436. Evidence to sustain verdict, 27 *Ga.*, 113; 29 *Ib.*, 365; 42 *Ib.*, 146; 44 *Ib.*, 224; 41 *Ib*, 130, 289. Negligence question for jury, 51 *Ga.*, 582. Immaterial error no ground for new trial, 39 *Ga.*, 119; 36 *Ib.*, 615; 32 *Ib.*, 303; 30 *Ib.*, 968; 29 *Ib.*, 134; 28 *Ib.*, 25; 26 *Ib.*, 537; 25 *Ib.*, 479; 45 *Ib.*, 190, 520; 46 *Ib.*, 80; 33 *Ib.*, 175, 207; 42 *Ib.*, 244, 306; 44 *Ib.*, 18; 46 *Ib.*, 221; 41 *Ib.*, 130, 289; 57 *Ib.*, 117; 36 *Ib.*, 669; 43 *Ib.*, 282.

BLECKLEY, Justice.

After our careful ruling in the *Central Railroad & Banking Company vs. Kenney*, 58 *Ga.*, 485, we need not discuss such a case as the present, which involves legal principles similar to those which were decided in that case, and, in its main features, is controlled by that authority. The commander of a hand car ought to see to it that the employees under his orders do their duty. If they cannot safely work with coats on, he should require them to take their coats off. If they move the car at too high a speed, he should interpose promptly, and prevent it. If the car is not in a condition to be run safely, he should not have it run at all. He stands to the company in a relation of trust, and should be faithful to its interest as well as his own safety. A most important part of his duty is to supervise the employees who are placed under him.

Judgment affirmed.