ATLANTIC COAST LINE RAILROAD COMPANY, PLAINTIFF IN ERROR, v. HARRY L. RYLAND, DEFENDANT IN ERROR.

STATUTORY LIABILITY FOR NEGLIGENCE OF FELLOW SERVANT—DEFECTIVE HAND CAR—PLEADING.

1. Under the provisions of Chapter 3744, Laws of 1887, (Section 2346 Revised Statutes), and Chapter 4071, Laws of 1891, authorizing recovery by one employe of a railroad company of damages for injury received by the running of its locomotives, cars or other machinery through the negligence of a co-employe or fellow-servant, the injured employe, in order to recover, must himself be entirely free from fault or negligence; he must do nothing to contribute to his injury, and must neglect to do nothing to prevent the consequence of the negligence of the other serants. Any negligence of the plaintiff in such a case, however slight, that contributes in an appreciable degree to the cause of the injury, defeats a recovery.

2. Where an employe of a railroad company knowingly uses defective machinery, he cannot recover damages for injuries resulting therefrom.

3. Where a railroad employe sues the company for damages resulting from a defective hand-car. and it is shown that he

knew of the defective condition of the car, but neverthe-
less made use of it, such fact is fatal to his recovery, and
it makes no difference that he made use of it under the
immediate command of a superior employe.

4.  A section-master, or assistant section-master, in temporary
charge of a hand-car must note such defects in it as are
discoverable in the reasonable and ordinary exercise of
diligence in the course of his duty, and decline or cease to
use it if it be obviously unsafe; otherwise, he cannot re-
cover for an injury to himself which his declaration
alleges to have been caused, in part, by the defective
character or condition of the car. If the defect in the car
was such as to deceive human judgment, the company, as
well as the plaintiff, stands excused. And whatever dili-
gence he exercised in seeing to the apparent safety of the
vehicle, goes to the credit of his employer, as well as to
his own credit.

5.  The commander of a hand-car ought to see to it that the em-
ployees under his orders do their duty. If they operate
the propulsive machinery of the car improperly, or move
it at too high a rate of speed, or do anything else that en-
dangers the safety of the persons on the car, he should in-
terpose promptly and prevent it. If he fails to do so then
he himself is guilty of such negligence as will defeat his
recovery for injury to himself resulting from such im-
proper conduct of the employees under him. If the car is
not in a condition to be run safely, he should not run it
at all. He stands to the company in a relation of trust,
and should be faithful to its interests as well as his own
safety. A most important part of his duty is to supervise
the employees under him.

6.  In a suit for damages for personal injuries against a rail-
road company resulting from the derailment of a hand-
car, where the declaration shows that the plaintiff was
assistant section master or foreman in charge of such
hand-car and the other co-employees thereon, and that he
permitted such other co-employees under him to so negli-
gently or improperly operate such car as to derail the
same, he cannot recover, and a demurrer to such declara-

tion should be sustained. And where the declaration in such a case, in a second count. alleges the cause of the injury to have been the defective condition of the hand-car, conjointly with the improper propulsion thereof by the co-employees under the command of the plaintiff, and such declaration in describing the alleged defects in such hand-car shows that its defective condition must have been patent and obvious to the most casual observer, there can be no recover, and a demurrer to such declaration should be sustained, even though such declaration alleges that the defects in the car were unknown to the plaintiff.

This case was decided by Division B.

Writ of Error to the Circuit Court for Osceola County.

The facts in the case are stated in the opinion of the Court.

*Sparkman & Carter*, for Plaintiff in Error.

*Alex St. Clair-Abrams*, for Defendant in Error.

TAYLOR, J.   The defendant in error, hereinafter referred to as the plaintiff, sues the plaintiff in error, hereinafter referred to as the defendant, in an action on the case for personal injuries resulting from alleged negligence, in the Circuit Court of Osceola county and recovered judgment for $5,000, from which the defendant takes writ of error here.   The declaration in the case is as follows: "For that whereas the plaintiff on the 2nd day of September, A. D. 1903, was in the employ of the defendant, the Atlantic Coast Line Railroad Company, a corporation doing business in the State of Florida, and was engaged in the performance of his duty as assistant fore-

man on a section force; that on the said 2nd day of September, A. D. 1903, the plaintiff with other servants of the defendant, was on a certain hand-car on the track of its railroad in the county of Osceola, said car being furnished by the defendant and in use by plaintiff in the performance of his duties and said car being propelled by manual labor, and it was the duty of the plaintiff to keep a look-out for trains approaching the direction of the said hand-car; and the said plaintiff further says that while in the performance of this duty, and looking in the direction opposite to which the said hand-car was going, he observed that the said hand-car swayed violently to and fro, and turning around observed that one of the servants of the defendant corporation, whose duty it was to work part of the mechanism which propelled the said hand-car, was working the same with his back turned the way the car was going, and that the said servant would carelessly and negligently pull with one hand for awhile, then suddenly, carelessly and negligently change to the other hand, thereby causing the said hand-car to run unevenly and sway violently, and to threaten the said car with being derailed; that the plaintiff thereupon instructed the said servant, whose name is unknown, to change his position and to pull steadily with both hands, but the said employe instead of obeying the order of the plaintiff, at once again negligently and carelessly changed from one hand to the other, pulling the mechanism violently and unevenly, and by reason of said carelessness and negligence caused the car to sway violently and to become derailed, and this plaintiff by reason of the negligence aforesaid, was violently hurled to the ground (the plaintiff being entirely without negligence or fault on his part), and plaintiff sustained great and serious injury, to-wit:

13 S. C.

Fracture of the large bone of the right leg, known as the Tibia, at the lower extremity thereof, further known as the Internal Malleolus. The fractured portion being of considerable size, ununited and displaced downward. Also facture of the lower extremity of the small bone, known as the Fibula, on the outer side of the leg, the broken portion driven inward, union taking place with the formation of a large amount of callus or new bone between said bones and the first bone of the ankle, known as the Astragalus, rendering movement impossible and causing a total loss of the joint and consequent crippling of plaintiff for life. And the plaintiff was confined to the hospital for several months and suffered great pain and anguish, and still suffers great pain, and was and is permanently injured; to the damage of the plaintiff in the sum of $10,000. Wherefore the plaintiff brings this his suit and claim $10,000 damages.

### SECOND COUNT.

And for that, whereas, on the 2nd day of September, A. D. 1903, the plaintiff was a servant and employee of the defendant, the Atlantic Coast Line Railroad Company, and held the position of assistant foreman of a section force; that in the performance of his duties as such assistant foreman, it was necessary to use a hand-car propelled by machinery, worked by hand, and the plaintiff says it was the duty of the defendant to supply a hand-car reasonably safe, and with its machinery in reasonably good order, but the plaintiff says that the defendant, regardless of its duty in this regard, furnished and supplied to the plaintiff a certain hand-car whose machinery was defective, in that the running gear was loose and caused the car to sway violently when it was propell-

ed, and the wheels of said car were also not in reasonably good condition, the flanges being so worn as to cause the said car to become easily derailed, and the plaintiff says at the time of and before the inflicting of the injuries upon him hereinafter mentioned, he did not know and was not informed of the defective condition of the said car; that on said 2nd day of September, A. D. 1903, while in the county of Osceola, on the track of defendant's railroad on said car, as it was his duty to be, and while said car was being propelled by the other servants and employees of the defendant, and while this plaintiff was in the performance of his duty looking out for approaching trains of the defendant, one of the defendant's servants propelling said car, carelessly and negligently propelled the same with one hand and then suddenly changing to the other hand, whereby the said car, by reason of the negligence and carelessness of the said employee, swayed violently to and fro, and the running gear of said car being loose and not in reasonably good condition, and the flanges of the wheels of said car being worn, and not in a reasonable safe condition, and by reason of the combined negligence of the defendant's servant and the defective codition of the said hand-car, said car was derailed and thrown from the track and the plaintiff was hurled violently to the ground, and sustained injuries, to-wit: Fracture of the large bone of the right leg, known as the Tibia, at the lower extremity thereof, further known as the Internal Malleolus. The fractured portion being of considerable size, ununited and displaced downward. Also fracture at the lower extremity of the small bone, known as the Fibula, on the outer side of the leg, the broken portion driven inward, union taking place with the formation of a large amount of callus or new bone between said bones and the first bone of the ankle, known

as the Astragalus, rendering movement impossible and causing a total loss of the joint and consequent crippling of plaintiff for life, the plaintiff being entirely without fault or negligence on his part. And the plaintiff says that by reason of the injury aforesaid, he was confined to the hospital for several months, and suffered great pain and anguish and still suffers great pain, and was and is unable to follow or perform his usual avocation, and was and is permanently injured for life to the damage of the plaintiff in the sum of $10,000; wherefore the plaintiff brings this his suit and claims $10,000 damages."

The defendant demurred to this declaration on the following grounds: First, that each count in said declaration is argumentative, and not certain.

Second, that neither count in said declaration states a cause of action.

Third, That the plaintiff shows by each count of the declaration that any injury received by him was caused from risks assumed by said plaintiff in his employment.

Fourth, the said plaintiff shows by his declaration that he was in charge of his co-laborers at the time of the alleged injury and was responsible for their acts, and that it was through his own fault he was injured.

This demurrer was overruled by the trial judge and such ruling is assigned as error.

At the common law the employer or master was not responsible in damages to an employee for injuries sustained through the negligence of a co-employee or fellow servant. This rule, however, was changed in Florida in the year A. D. 1887, when the Legislature enacted Chapter 3744, the second section of which Chapter of the laws was incorporated in the Revised Statutes of 1892 as Section 2346 thereof which is as follows: "If the person injured is himself an employee of the company, and the

damage was caused by another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to the recovery, and no contract which restricts such liability shall be legal or binding."

This provision of law was adopted here *totidem verbis,* from the statutes of the State of Georgia, Section 2323, Vol. 2, Georgia Code, compilation of 1895. Besides our adoption of the terms of the statute itself, we also adopted, as an integral part of the same, any known and settled construction that had been placed thereon by the courts of the State from which it has been adopted, in so far as that construction is not inharmonious with the spirit and policy of our own general legislation on the same subject. Duval .Receiver v. Hunt, 34 Fla. 85, 15 South. Rep. 876; Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148.

The quoted section of Chapter 3744, Laws of 1887, brought forward as Section 2346 of the Revised Statutes seems to have been repealed by Chapter 4071, Laws of 1891, enacted at the same session of the Legislature that adopted the Revised Statutes, and the following section three of the last mentioned Chapter substituted in place thereof: "If any person is injured by a railroad company by the running of the locomotives, or cars, or other machinery of such company, he being at the time of such injury an employee of the company, and the damage was caused by negligence of another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to a recovery. No contract which restricts such liability shall be legal or binding." The only apparent material change affected by the last quoted section in the law as it was

originally adopted here from the statutes of the State of Georgia, seems to be to confine the right of recovery by an employee injured through the negligence of a co-employee, to cases where the injury complained of was caused *"by the running of the locomotives, or cars, or other machinery"* of the master company.  This change in the law cannot, however, affect the case at bar, since the alleged injury here was caused or brought about in the operation or running of one of the defendant company's hand-cars. Therefore the adjudications of our own and of the Georgia courts touching other features of the statute that remain unchanged by the said Chapter 4071, Laws of 1891, will still govern.

In construing this statute our own court, and the Supreme Court of Georgia in numerous cases adjudged prior to the adoption of the statute here, have held that according to the express terms of the statute an employee, in order to recover from the master for an injury sustained through the negligence of a fellow-servant, must himself be *entirely* free from fault or negligence.  Duval Receiver v. Hunt, *supra;* Florida Cent. & P. R. Co. v. Mooney, *supra,* and numerous Georgia cases there cited.

In Johnson v. Western & Atlantic R. R. Co., 55 Ga. 133, it was held that: "Where an employee of a railroad company knowingly uses defective machinery, he cannot recover damages for injuries resulting therefrom."

In Central Railroad & Banking Co. v. Lanier, 83 Ga. 587, 10 S. E. Rep. 279, it is held that: "The servant of a railroad company injured by the negligence of fellow-servants must, to recover damages from the company, show that he was in the exercise of ordinary care and diligence and without fault or negligence; that he did nothing to contribute to his injury, and neglected to do noth-

ing to prevent the consequence of the negligence of the other servants."

In Georgia Railroad & Banking Co. v. Hicks, 95 Ga. 301, 22 S. E. Rep. 613, it is held that: "Negligence of the plaintiff, however slight, which contributes in an appreciable degree to the cause of the injury, defeats a recovery."

In Bell v. Western and Atlantic R. R., 70 Ga. 566, it is held that: "Where a railroad employee sued the company for damages resulting from a defective hand-car, and the evidence for the plaintiff showed that he knew of the dangerous condition of the car, but nevertheless made use of it, such fact was fatal to his recovery." The same case holds that it does not alter the case that the employee knowingly undertook to use a dangerously defective tool under the immediate command of a superior employee.

In Central Railroad and Banking Co. v. Kenney, 58 Ga. 485, it is held that: "A section-master in temporary charge of a hand-car must note such defects in it as are discoverable in the reasonable and ordinary exercise of diligence in the course of his duty, and decline or cease to use it if it be obviously unsafe; otherwise, he cannot recover for an injury to himself which his declaration alleges to have been caused, in part, by the defective character or condition of the car. If the defect in the car was such as to deceive human judgment, the company, as well as the plaintiff stands excused. And whatever diligence he exercised in seeing to the apparent safety of the vehicle, goes to the credit of his employer, as well as to his own credit."

In Kenney v. Central Railroad, 61 Ga. 590, Judge BLECKLEY, delivering the opinion of the court, said:

"The commander of a hand-car ought to see to it that the employees under his orders do their duty. If they cannot safely work with coats on, he should require them to take their coats off. If they move the car at too high speed, he should interpose promptly, and prevent it. If the car is not in a condition to be run safely, he should not have run it at all. He stands to the company in a relation of trust, and should be faithful to its interests as well as his own safety. A most important part of his duty is to supervise the employees under him."

The facts in the case last quoted from are quite similar to those alleged in the declaration before us, and, under those facts the court held that the plaintiff employee could not legally recover.

Applying the principles thus adjudicated to the case as made by the two counts of the plaintiff's declaration we think that the declaration shows on its face that the plaintiff employee of the defendant company was at fault, and negligent in the discharge of the duties devolving upon him as foreman or assistant foreman in charge of the laborer on the hand-car whose alleged negligence caused the derailment whereby the plaintiff was injured. The first count bases the right of recovery upon the alleged negligent propulsion of the car by a co-employee who, according to the allegations of the declaration, was subject to the orders of the plaintiff as assistant foreman in command of the car. If he permitted such negligent propulsion of the car without promptly putting a stop to it, he was at fault for not so stopping it, and cannot recover for the resultant injurious consequences to himself.

The second count of the declaration bases the claim to recovery conjointly upon the alleged negligent propulsion of the car by the co-employee and upon the alleged

defectiveness and worn and loose condition of the running gear and wheels of said hand-car. What is said as to the first count applies with equal force to that feature of the second count that basis its claim to recovery on the alleged negligent propulsion of the car by the co-employee. The second count, it is true, alleges that the defective, worn and loose condition of the hand-car was not known to the plaintiff at the time of its use at the accident, but the description given in the declaration of the defects in the hand-car shows upon its face that from the character of the defects as described they were perfectly obvious to the most casual observer, and that the plaintiff must have been negligent if he in truth failed to observe them, and in continuing to use an implement so obviously defective. Our opinion is that the plaintiff's declaration not only wholly fails to make a case where he can rightfully recover, but on the contrary affirmatively shows a case where the law forbids any recovery, and that the court below erred in overruling the defendant's demurrer thereto. As this disposes of the whole case it is unnecessary to consider any of the other errors assigned.

The judgment of the Circuit Court in said cause is hereby reversed, and the cause remanded with directions to sustain the defendant's demurrer to the plaintiff's declaration. The costs to be taxed against the defendant in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.