JOHN .FLOWERS, *Plaintiff in Error*, V. LOUISVILLE &
NASHVILLE RAILROAD COMPANY, A CORPORATION,
*Defendant in Error.* .

1. The principles of law enouncing the positive duties of a master
to a servant stated in South Florida R. Co. v. Weese, 32 Fla.
212, 13 South. Rep. 436, cited and applied.

2. A servant in the performance of his duties is bound to exer-
cise ordinary care for his own safety, or that degree of care
which prudent persons usually exercise under similar circum-
stances, and if he is injured by failure to exercise such care his
master is not liable. He must take ordinary care to learn the
dangers which are likely to beset him in the service. He must
not go blindly to his work where there is danger. But this
doctrine must be taken in connection with the qualification
that mere knowledge of a defect or method will not always be
sufficient to charge the servant with an assumption of the
risk thereof. Such knowledge must convey to a mind like his
the danger that may, or is likely to result to him in his em-
ployment from the defect or negligent act—for it is one thing to
be aware of defects in the instrumentalities or plans furnished
by the master for the performance of his services, and another
thing to know or appreciate the risks resulting, or which may
follow from such defects. The question is, taking his experien-
ce or inexperience into consideration, did he know, or ought he
have known, to in the exercise of ordinary common sense and
prudence, that *the risks* and not *merely the defects* existed.

3. A servant is not bound to discover hidden or concealed dan-
gers.

This case was decided by Division B.

Writ of Error to the Circuit Court for Escambia
County.

*Statement.*

In June, 1907, the plaintiff in error filed a declara-
tion against the defendant in error in the following
words, *viz*. :

"The plaintiff, John Flowers, by his attorneys sues the defendant for that whereas, on the 22nd day of March, A. D. 1907, the defendant was maintaining and operating a certain railroad shop in said county and state, and the plaintiff was employed by the defendant as a laborer in said shop, subject to the orders of the foreman thereof; that in the said shop and as a part of the machinery thereof, was a machine known as a 'jointer' or 'hand planer' used for the purpose of planing, trimming and sizing such material as required it, for use in the construction and repair of cars; that about the center of said machine was a system of sharp knives which revolved rapidly when in use; that in front of, and behind said knives and approaching near thereto were platforms upon which rested the material to be planed, trimmed or sized by means thereof, which material was required to be pushed by hand along and upon said front platform against said knives; that in order that said material might rest and bear equally and firmly upon the said platforms, the said platforms were designed to be adjusted by means of unobservable set screws attached to said machine beneath said platform, by means whereof the platform in front of the said knives was designed to be raised or lowered to a distance below the platform behind the said knives equal to the thickness of the cut or trim desired to be made upon the material to be planed or trimmed by means thereof, that the plaintiff was inexperienced in the use of said machine and in the use of machines similar thereto and had no knowledge that the platform behind the said knives could be raised or lowered, but on the contrary supposed that said platform remained fixed and steady in its position and that said machine was adjusted by raising or lowering the platform in front of said knives only; that during the period of plaintiff's employment in

said shop, the platform behind said knives had so far as the plaintiff was able to observe or knew remained undisturbed in one position, which the plaintiff supposed was a fixed and immovable one; that the defendant and its foreman in said shop, knew that the plaintiff was without experience in the use of said machine and of machines similar thereto, yet the defendant and its foreman neglected to instruct the plaintiff in the use of said machine, or to advise him as to the danger and hazard thereof, and neglected to advise him of the movable character of the platform behind the said knives, although the defendant knew of the movable character of said platform and although the defendant knew that the plaintiff's duties necessitated the use of said machine by the plaintiff from time to time as the material upon which he was at work required trimming or sizing that on the night next preceding the injury hereinafter set forth, the defendant's foreman in said shop lowered the platform behind the said knives from its usual position which it had occupied during the plaintiff's employment at said shops in such a way that it rested below said knives and below the platform in front thereof, of which said change the defendant negligently failed to advise the plaintiff, although it should have known, and did know, that said machine was thereby rendered more dangerous, and that the plaintiff was without knowledge of said change and that the plaintiff and other employes in said shop were likely at any time to use said machine in its changed and more hazardous condition without knowledge of said change and of the increased hazard thereby occasioned; that on the following morning, to-wit, on the 22nd day of March, A. D. 1907, the plaintiff while in the discharge of his duties attempted in the usual way and by the usual method to use the said machine for the purpose of trim-

ming certain material required to be trimmed and sized by means of said machine, that by reason of the platform behind the said knives having been lowered below said knives and below the platform in front thereof, which was unobserved by the plaintiff, and which was unobservable without close inspection the material placed by the plaintiff upon the platform in front of the said knives did not rest and bear equally and firmly upon the said platform as same was pushed against the said knives, but on the contrary so much of said material as had passed the said knives and had been trimmed by means thereof remained suspended about the said platform behind the said knives, until such time as the weight of that portion of the material which had passed the said knives, overbalanced the pressure applied by the plaintiff to that portion remaining upon the platform in front of said knives, when the said material suddenly and unexpectedly dropped to the platform behind the said knives and thereby brought the plaintiff's right hand in contact with the said knives, by reason whereof the plaintiff's right hand was then and there and thereby severed; that by reason of the said injury so occasioned the plaintiff has suffered great pain of body and mind, and has been put to great expense for medical treatment and has suffered great inconvenience and annoyance and such loss of time and profit and has thereby been permanently disabled and disfigured, and has been greatly incapacitated for labor and his earning power has been greatly and permanently impaired to the damage of the plaintiff in the sum of ten thousand ($10,000.00) dollars.

Wherefore plaintiff sues and claims ten thousand ($10,000.00) dollars."

To this declaration a demurrer was filed in the following words:

"Now comes the defendant and says that the plain-

tiff's declaration is bad in substance.      The substantial matters of law to be argued are:

1.      The allegations are so vague, indefinite and uncertain, that no cause of action is stated.

2.      The facts alleged do not show negligence on the part of the defendant.

3.      The allegations show that the plaintiff was not free from fault.

4.      The allegations show that plaintiff's injury, if caused by negligence, resulted from the negligence of a fellow servant, and that plaintiff was guilty of contributory negligence.

5.      The alleged hazardous condition of the machinery, caused by changing the height of the rear platform, was according to the allegations of the declaration, open, obvious and patent.

6.      The allegations show that the injuries sustained in the manner stated were assumed by plaintiff.

7.      The allegations show that the injuries sustained were the result of ordinary risks incidental to plaintiff's employment.

8.      The declaration fails to state a cause of action."

This demurrer was sustained and the plaintiff failing to plead further a final judgment was entered for the defendant.

*Reeves & Watson,* for plaintiff in error;

*Blount & Blount & Carter,* for defendant in error.

HOCKER, J., (*after stating the facts.*)—We shall only consider the matters presented in the argument of the defendant in error in support of the ruling of the circuit judge.      The first question presented is that the general allegations made in the declaration that the plaintiff was inexperienced, or that the alleged defect was unobservable without close inspection are mere conclusions of the

pleader and therefore bad.  No authority is referred to as sustaining this single contention.  But it is contended that "such general allegations will be overborne by other allegations showing plaintiff's experience, what he actually knew, the precise nature of the alleged defect and the surrounding circumstances.  If from the other allegations it appears that the plaintiff was not inexperienced, but he knew the dangers and how to avoid them or how to use the machine, or that the alleged defect was known or might have been known to him, or that he had the same means of knowledge as the defendant, the declaration will be bad upon demurrer.  To sustain these contentions the following authorities, *viz.* 1 Labatt on Master and Servant, §388, p. 1022, and Atlantic Coast Line R. Co. v. Ryland, 50 Fla. 190, 40 South. Rep. 24, are referred to.  There is frequently great difficulty in applying the multitudinous intricate and perplexing distinctions of the law of master and servant to a declaration.  The ingenuity of courts and judges in applying the doctrines of *"volenti non fit injuria,"* "imputed knowledge," "assumed risk," "obvious dangers," and the like, are often puzzling rather than enlightening.  It is stated in 2 Labatt on Master and Servant 854, that in order to withstand a demurrer a complaint must allege facts, which if true show that the master was guilty of a breach of duty as regards the injured servant, and that the injury resulted from that breach of duty."  It is stated in South Florida R. Co. v. Reese, 32 Fla. 212, text 233, 13 South. Rep. 436. that a master must not expose his servant when acting in the line of employment to dangers and hazards against which he may be protected by reasonable care and diligence on the part of the master. Among the positive duties resting upon the master to the servant is the obligation to exercise such reasonable care as prudence and the

exigencies of the situation require in providing the servant with safe machinery and suitable instrumentalities, and a reasonably safe place in which to work. The negligence of the master in this respect is not one of the perils or risks assumed by the employe in his contract of employment, and he has the right to insist that the master shall strictly comply with his obligation in this respect." As a qualification of this doctrine the opinion proceeds to say: "that where a servant voluntarily engages in a service for another and has full knowledge that the instrumentalities he is to use and the situation in which the service is to be performed are dangerous, and the danger therefrom is apparent, and he makes no protest and his employer does not mislead him in any way as to these matters, he assumes the risks ordinarily incident to that employment, and cannot recover for injuries resulting therefrom."

In the case of Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148, it is held: "A servant in the performance of his duties is bound to exercise ordinary care for his own safety, or that degree of care which prudent persons usually exercise under similar circumstances, and if he is injured by failure to exercise such care his master is not liable." It is said in Bailey on Masters' Liability for Injuries to Servants, p. 160: "He (the servant) must take ordinary care to learn the dangers which are likely to beset him in the service. He must not go blindly to his work where there is danger. He must inform himself." But in connection with this doctrine it is stated on page 184, Id.: "Mere knowledge of the defect or method will not always be sufficient to charge the servant with an assumption of the risk thereof. Such knowledge must convey to a mind like his the danger that may or is likely to result to him in his employment from the defect or negligent act. As

was said in Cook v. Railway Co. (34 Minn. 45, 24 N. W. Rep. 311) : 'It is one thing to be aware of defects in the instrumentalities or plan furnished by the master for the performance of his services, and another thing to know or appreciate the risks resulting or which may follow from such defects. The mere fact that the servant knows the defects may not charge him with the contributory negligence or the assumption of the risks growing out of them. The question is, did he know, or ought he to have known, in the exercise of ordinary common sense and prudence that the risks and not merely the defect existed?' (See 1 Labatt on Master and Servant, §240 a.) This rule is consistent with the general rule relating to the conduct of persons in determining the character of an act—as to its being negligent or otherwise; that is, the servant ought, from his knowledge of the defect, reasonably to have foreseen that it might cause him injury. In all the various phases of the law of negligence this is the predominating and essential element to be established. It is the controlling test in the application of the rule of proximate cause."

Another principle also applicable to the facts as alleged is that a servant is not bound to discover hidden or concealed dangers, (Labatt on Master and Servant, vol. 1 §409), and that it is the duty of the master to warn the servant in regard to these dangers. Bailey on Masters' Liability, 111 *et seq.*

It is contended in the brief of defendant in error that a servant's claim for damages must be judged not by what he actually knew, but by what he ought to have known, and that he is presumed to have observed and understood whatever an ordinarily prudent and intelligent person being under a like duty and having the same means for acquiring knowledge of the material facts would have observed and understood. The applicability

of this contention, however, will depend upon the amount of experience which a servant has had and where, as in this case, it is alleged that the servant was inexperienced it has no application. I Labatt on Master and Servant, §395, and notes on pages 1046 *et seq.*

It is further contended in support of the ruling below that the principles announced in Atlantic Coast Line R. Co. v. Ryland, 50 Fla. 190, 40 South. Rep. 24, control the instant case. We cannot agree to this contention. In the last cited case the *commander* of a hand car was injured by being thrown from a hand car which he was operating. In the first count he alleged he was injured by the negligence of a servant who pulled the car so unsteadily as to cause it to sway violently and become derailed. In the second count, that the running gear of the hand car was loose, which caused it to sway violently and that the flanges were so worn as to cause the car to be derailed. It is not alleged that the plaintiff was ignorant of the condition of the hand car, and it is perfectly clear that the defects of the car were obvious. Under these circumstances this court held that Ryland could not recover. But the facts of the instant case are very different. The plaintiff here claims to be inexperienced, and that fact is admitted. It is claimed that the dangerous arrangement of the platform was not seen by the plaintiff, and could not be seen without close observation, and that fact is admitted. All the arguments used by the defendant in error and authorities cited have been examined, but we think it unnecessary to say more than that in the present condition of the case it is unnecessary to discuss them. The foreman, under the authority of Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792, stood in the place of the master, and in changing the platform so as to make the saws more dangerous, without notice to the plaintiff as is alleged

in the declaration the master must be held responsible. The plaintiff being inexperienced, it was the duty of the master to have notified the plaintiff of the change and of the danger which would be involved in using the knives.

We are of the opinion that the circuit judge erred in sustaining the demurrer to the declaration.

The judgment of the court below is reversed at the cost of defendant in error, and the case remanded for further proceedings.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.