HARRY L. RYLAND, *Plaintiff in Error*, v. ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Defendant in Error*.

1. A railroad company, like other public utility corporations, should be required to make reasonable provision for the safety of its employees and patrons, and to respond in damages as required by law for the negligence of its employees that proxi-mately cause injury to others. But such corporations should not be required to compensate injuries for which in law they are not responsible.

2. In an action by an employee of a railroad company for damages for personal injury allegations that the defects in the car complained of were "concealed from open observation," and were "concealed * * * and not noticeable by outward observation," do not show negligence on the part of the railroad company when not supported by an allegation that the defendant knew of such defects or by the exercise of ordinary care should have known of them.

3. It is the duty of employees to exercise ordinary and reasonable care to avoid injury to themselves, and failure to observe this duty may be such fault or negligence as precludes a recovery under the statute from the master for injuries received by an employee.

4. An employee of a railroad company who is injured "by the running of the locomotives, or cars  or other machinery of such

company" where "the damage was caused by the negligence of another employee" is entitled to recover damages from the company only when the injury is caused "without fault or negligence on the part of the person injured."

5.  Where an employee has negligently failed to exercise his authority over another employee to prevent an injury to himself caused by the negligence of the other employee, he cannot recover from the master under the statute which requires the injured employee to be "without fault or negligence" in order to recover from the master for the negligence of another employee.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Osceola County.

## STATEMENT.

On a former writ of error a judment for Ryland was reversed because the declaration did not state a cause of action. Atlantic Coast Line R. Co. v. Ryland, 50 Fla. 190, 40 South. Rep. 24. After the cause was remanded an amended declaration was filed. A demurrer thereto was sustained and the plaintiff took writ of error to a final judgment for the defendant entered on the demurrer.

The material allegations of the amended declaration are as follows: "The plaintiff on the second day of September, A. D. 1903, was in the employ of the defendant, the Atlantic Coast Line Railroad Company, a corporation doing business in the State of Florida, and was engaged in the performance of his duties on a section force of the defendant; that on the said second day of September, A. D. 1903, the plaintiff with other servants of the defendant was on a certain hand car on the track of the defendant railroad in the county of Osceola, said car being furnished by the defendant for the use of the plaintiff

and other servants of the defendant, in the performance of his and their duties, and said hand car being propelled by manual labor; and the plaintiff further says that while on said hand car it was his duty to look out for trains approaching the direction of said hand car, and the plaintiff further says that while in the performance of this duty and looking in the direction opposite to that in which the said hand car was being propelled he suddenly observed that the said hand car swayed violently to and fro and looking around he observed that one of the servants of the defendant corporation whose duty it was to work part of the mechanism which propelled the said hand car was working the same with his back turned the way the car was going and that the said servant would carlessly and negligently pull first with one hand and then suddenly and carelessly change to the other hand, thereby causing the said hand car to run unevenly and sway violently and cause the said car to be in danger of being derailed and precipitate the plaintiff and others from the car and inflict injury upon them. That the plaintifl immediately ordered the said servant (so negligent) and whose name was and is unknown to the plaintiff to cease his negligence and pull steadily with both hands or to take his seat and cease endangering the safety of the car and those upon it, but the plaintiff says that simultaneously with the plaintiff giving said instructions and before the plaintiff could take any other or further steps to enforce said order and to compel the negligent servant to cease his negligence, the said servant again negligently and carelessly changed from one hand to the other, thereby pulling the mechanism of said hand car unevenly and violently and by reason of said carelessness and negligence the said hand car again swayed violently and became derailed, the plaintiff being unable by the instantaneous repetition of the act of

negligence and the immediate derailing of said car to assert any other or further authority over the said negligent servant, his order to said servant to cease his negligence not being fully spoken when the said act of negligence was repeated, and this plaintiff by reason of the negligence aforesaid was violently hurled from said hand car to the ground, plaintiff being entirely without negligence or fault on his part, the plaintiff sustained great and serious injury to-wit:"  (injury described.)

"Second Count.    On the second day of September, A. D. 1903, the plaintiff was an employee of the defendant Atlantic Coast Line Railroad Company and was employed by the defendant to work on a section force on the line of the defendant's road in the county of Osceola, that in performance of the duties of the section force it was necessary to use a hand car propelled by work which hand car was furnished to the said section force by the defendant, and the plaintiff says that he had been employed by the defendant but a little over two weeks and had not had time to become acquainted or familiar with the appliances furnished by the defendant for the use of its said employees on the section force, and the plaintiff says that it was the duty of the defendant to supply to said section force all necessary appliances for the use of said section force in the performance of its duties on the defendant's road, and the plaintiff says that a hand car was a necessary appliance to be furnished by the defendant for the use of its said section force, and it was the duty of the defendant to supply a hand car of reasonable safety and with it machinery in reasonably good order, but the plaintiff says that the defendant regardless of its duty in this respect, furnished to the said section force for the use of the plaintiff and other employees working in said section force, a certain hand car whose machinery was defective and rot

reasonably safe, in that the running gear of said car was loose and caused the car to sway violently when it was propelled and to cause said hand car to be in danger of being derailed by reason of said violent swaying, and the plaintiff says that said defect in the hand car was concealed from open observation, the running gear of said hand car being concealed under the hand car and not noticeable by outward observation, and the plaintiff says that prior to the date of the accident as aforesaid, he had not used the hand car but two or three times and then it was run very slowly and he was walking on the ground and did not know and was not informed and could not see the defect in said hand car by observation thereof, and that it was not his duty to inspect the condition of the working gear or mechanism under the hand car to ascertain if there were any defects therein concealed from his view. And the plaintiff says that not knowing and not being informed of the defective condition of said hand car, and not having time or opportunity by his use of said hand car to ascertain and become advised of the defective condition of the running gear of said car concealed from his view and not having previously used said hand car so as to ascertain and learn that the running gear thereto was in defective condition, and not being required as part of his duty to inspect the running gear of the said hand car and ascertain that it was loose and defective in the mechanism concealed from view; on the said second day of September, A. D. 1903, while in the county of Osceola on the track of defendant's railroad on the said car in the proper performance of his duty and while said car was being propelled by the other servants and employees of the defendant and while this plaintiff was in the performance of his duty looking out for approaching trains of the defendant, one of the servants of the defendant propelling

said car, carelessly and negligently propelled the same with one hand and then suddenly changed to the other hand, whereby the said car by reason of the running gear concealed beneath said car being loose and defective and not in reasonably good condition and by reason of the negligence of the defendant's said servant, and the defective condition of said hand car, said car was derailed and thrown from the track and the plaintiff says that he was then and there on the said car and for the first time learned and became advised that the running gear of said car concealed beneath the car was loose and defective, and that as soon as he felt said car sway violently and observed the said condition thereof he promptly ordered the said negligent servant to cease his negligence and propel with both hand steadily and evenly, but before he could enforce his order and compel said servant to cease his negligence and before he could take any steps to stop the said servant, the said servant continued and repeated the negligence, and by reason thereof and of the defective condition of the running gear of the said hand car concealed from view the said hand car was derailed; the plaintiff being unable by the instantaneous repetition of the act of negligence and the immediate derailing of the car to assert any other or further authority over the said negligent servant, his order to said servant to cease his negligence not having been fully spoken when the said act of negligence was repeated, and the said hand car being thus derailed by the negligence aforesaid, the plaintiff was thrown from the car and hurled violently to the ground and sustained injuries as follows, to-wit:" (Injury described.)

"Third Count. The plaintiff on the second day of September, A. D. 1903, was in the employ of the defendant Atlantic Coast Line Railroad Company, a corporation doing business in the State of Florida, and was engaged

in the performance of his duties on a section force of the
defendant that on the said second day of September, A.
D. 1903, the plaintiff with other servants of the defendant
railroad company, in the county of Osceola, said car be-
ing furnished by the defendant for the use of the plaintiff
and other servants of the defendant, in the performance
of his and their duties, said hand car being propelled by
manual labor, and the plaintiff further says that while on
said hand car it was his duty to look our for trains ap-
proaching the direction of said hand car, and the plaintiff
further says that while in the performance of this duty
and looking in the direction opposite to that in which the
said hand car was being propelled, he suddenly observed
that the said hand car swayed violently to and fro and
looking around he observed that one of the servants of
the defendant corporation whose duty it was to work
part of the mechanism which propelled the said
hand car, was working the same with his back
turned the way the car was going, and that
the said servant would carelessly and negligently pull
first with one hand and then suddenly and care-
lessly change to the other hand thereby causing the said
hand car to run unevenly and sway violently and cause
the said hand car to be in danger of being derailed and
precipitate the plaintiff and others from the car and in-
flict injury upon them. That the plaintiff immediately
ordered the said servant so negligent and whose name
was and is unknown to the plaintiff to cease his negli-
gence and pull steadily with both hands or to take his seat
and cease endangering the safety of the car and those
upon it, but the plaintiff says that simultaneously with
the plaintiff giving said instructions and before plaintiff
could take any other or further steps to enforce said or-
der and to compel the negligent servant to cease his negli-
gence, the said servant again negligently changing from

one hand to another, thereby pulling the mechanism of said hand car unevenly and violently and by reason of said carelessness and negligence the said hand car again swayed violently and became derailed, the plaintiff being unable by the instantaneous repetition of the act of negligence and the immediate derailing of the car to assert any other or further authority over the said negligent servant, his order to said servant to cease his negligence not being fully spoken when the said act of negligence was repeated, and by reason of the negligence of the servant as aforesaid and the violent swaying of the car as aforesaid, the servant so negligent was instantaneously and by his negligence thrown from the hand car and the car coming in contact with the said negligent servant, was then and there derailed, and this plaintiff by reason of the negligence aforesaid was violently hurled from said hand car to the ground, plaintiff being entirely without fault or negligence on his part, and plaintiff sustained great and serious injury, to-wit:" (Injury described.)

The plaintiff claims ten thousand dollars damages on each count.

The grounds of the demurrer are:

"First that each count in said declaration is argumentative, and uncertain.

Second, that neither count in said declaration states a cause of action.

Third, that the plaintiff shows by each count of the declaration that any injury received by him was caused by risk assummed by him in his employment.

Fourth, that the plaintiff shows by each count of the declaration that he was in charge of his co-laborers at the time of the alleged injury, and was responsible for their acts, and that it was through his own fault that he was injured.

Fifth, that the said plaintiff shows in each count of said declaration that defect, if any, existing in said hand car was, or ought to have been known by reasonable diligence to the said plaintiff, and that he assumed the risk of using said hand car."

*Alex St. Clair-Abrams,* for Plaintiff in Error;

*Sparkman & Carter,* for Defendant in Error.

WHITFIELD, C. J.—(*After stating the facts.*)—Unless the amended declaration sufficiently states matters not contained in the original declaration that constitute a cause of action, the cause is *res adjudicata,* and the judgment for the defendant should be affirmed, since the adjudication of matters presented by the former declaration is now the law of the case. McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910.

A railroad company, like other public utility corporations should be required to make reasonable provision for the safety of its employees and patrons and to respond in damages as required by law for the negligence of its employees that proximately causes injury to others. But such corporations should not be required to compensate injuries for which in law they are not responsible. Unlawful and unreasonable requirements of public service corporations would cause unjust injury to those whose labor and property are used in rendering the public service and would injuriously affect the service and the rates therefor afforded to the public, thereby violating positive law and public policy. Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820. Damages may not be recovered from a railroad company for every injury received in the operation of railroad cars whether the company is reasonably and legally responsible for the in-

jury or not.   Such a rule would be patently unjust and detrimental to the public welfare.

The allegations of the declaration that the hand car was defective and that the defect "was concealed from open observation," and that such defect was "concealed under the hand car and not noticeable by outward observation," are not supported by any allegation that the defendant knew of such defect or by the exercise of ordinary care should have known of it, so as to show negligence on the part of the defendant.

It is the duty of employees to exercise ordinary and reasonable care to avoid injury to themselves, and fialure to observe this duty may be such fault or negligence as precludes a recovery under the statute from the master for injuries received by the employee.   German American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148.   The statute under which this action is brought expressly provides that where an employee of a railroad company is engaged in certain hazardous employment and is injured by the negligence of another employee of the company, a right of recovery from the company exists only where the injury was caused "without fault or negligence on the part of the person injured."

Whatever may be the common law doctrine of contributory negligence, and of assumed risk, under the statute authorizing this action where the plaintiff was an employee of a railroad company who was injured "by the running of the locomotives, or cars, or other machinery of such company, and the damage was caused by negligence of another employee," the plaintiff to be entitled to recover damages from the company must by the terms of the statute be "without fault or negligence."

It has frequently been held that a recovery under the statute for an injury caused by the negligence of another

employee can be had only when the injured employee of the railroad company was entirely free from fault. Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148; Duval v. Hunt, 34 Fla. 85, 15 South. Rep. 876; Atlantic Coast Line R. Co. v. Ryland, 50 Fla. 190, 40 South. Rep. 24; Little v. Southern R. Co., 120 Ga. 347, 47 S. E. Rep. 953; Western & A. R. Co. v. Herndon, 114 Ga. 168, 39 S. E. Rep. 911.

It appears from each count of the amended declaration that the plaintiff was exercising immediate authority over the other employee alleged to have been negligent and that the plaintiff could by the exercise of his authority have avoided the accident if he had given timely orders or directions to the negligent employee.

If it can be assumed or inferred that some other conduct on the part of the person who was propelling the hand car as alleged in the declaration was the proper conduct under the circumstances, it may also be assumed or inferred that the conduct complained of was not so sudden and effective in causing the accident as that the plaintiff could not by the exercise of ordinary and reasonable care have observed it and ordered it stopped in time to avoid the accident. The plaintiff it seems had ample authority to protect himself, and if he negligently failed to exercise his authority in time to avoid injury to himself he cannot recover in this action. It does not appear to be reasonable to assume that the plaintiff could not and should not have observed the speed of the car and the improper action of his subordinate necessary in causing the car to sway in time to prevent the accident. On the contrary, the alleged swaying of the hand car must have been accelerated by undue speed and must have gradually increased in violence, and if the plaintiff had exercised care in time by ordering the improper conduct to cease there would prob-

ably have been no such serious accident as is described. It appears from the declaration that the plaintiff had previously been present when the hand car was used at slow speed without injury to any one, and even if the car was not in a reasonably safe condition and the plaintiff was not at fault in not observing its condition the accident would most probably not have occurred but for the failure of the plaintiff to require proper conduct on the part of his subordinate who was under plaintiff's direction engaged in propelling the car at too high speed and in an improper manner.

From the allegations of the declaration and the inferences fairly drawn therefrom it appears that in not duly exercising the authority he had over the alleged negligent and careless subordinate, the plaintiff was not "without fault or negligence" as required by the statute as a prerequisite to a right of action to recover from the railroad company damages for the injuries complained of. Atlantic Coast Line R. Co. v. Ryland, 50 Fla. 190, 40 South. Rep. 24.

A proximate cause of the injury as alleged is the negligence of the subordinate employee who was under the immediate authority of the plaintiff. and whose alleged negligence could have been checked by the plaintiff if he had exercised his authority with ordinary care and attention to his duty and safety. It appears that the plaintiff did not duly exercise his authority and did not perform his duty to himself with ordinary care. Even though' 'the damage was caused by negligence of another employee," it does not appear to have been done "without fault or negligence on the part of the person injured" is required by the statute.

The judgment is affirmed.

All concur.